## ABBOTT V. ROWAN.

PLEADING : *Exhibits—Effect of*

The Civil Code [sec. 4599, *Gannt's Dig.*] requires a pleader to make a bond, bill, note, or other writing which is evidence of indebtedness *and the foundation of the action*, "a part of the complaint," by filing it; and on demurrer it may be considered as part of the record. When the action is not *founded upon* the instrument as evidence of indebtedness, but the instrument is merely relied upon, it must still be filed [sec. 4,600] but the plaintiff has no right by reference, to make it *part of the pleading*, and it cannot be noticed on demurrer further than to explain allegations—not to supply or contradict them.

SAME : *Reply.*

A reply filed when none is authorized by the code should be stricken from the files.

BANKRUPTCY : *Damages for breach of covenant, provable in*

Damages for breach of covenants are provable against the estate of a bankrupt.

VENDOR AND VENDEE : *Covenant of warranty. etc., when broken.*

Where a grantor conveys by deed with covenant of seizin, land which belongs to the government or to a stranger in possession, the covenant is broken as soon as made, and the grantee may sue at once for damages for the breach. But upon a covenant of warranty, where any thing passes to the vendee, no action can arise until eviction or its equivalent.

As to a vendee's rights under a covenant of warranty where no title passes, nor possession taken of land held adversely, *quere.*

APPEAL from *Arkansas* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*Pindalls* for appellant.

*Gibson & Pinnell, contra.*

EAKIN, J. :

Rowan sued Abbott at law, for breach of covenants in two deeds, conveying certain lands to the former, with the usual covenants of seizin, freedom from incumbrances, and warranty of title.

The complaint freely indulges in all the latitude given by the code. It does not set forth the covenants either in the same

37

words, or substantially, but simply alleges the purchase, and that the lands were conveyed to him "by deed of warranty" and makes the deeds part of the complaint. The consideration is set forth, and the breach alleged is this, that the lands were at the time, the property of the United States, being unimproved, and in the actual possession of neither party ; that they were afterwards taken up by valid homestead entries of other parties under the laws of Congress. There were other charges of false and fraudulent representations as to title, inducing the purchase. The complainant claimed his purchase money with interest.

Defendant moved the court to compel complainant to make the complaint more definite and certain, because :

1st. It did not show whether plaintiff relied on the covenants or the false representations :

2d. It did not show disseizin of complainant, as to when, by whom, and in what manner it was done, whether by judgment of a legal court, or by compromise or collusion, and

3d It did not show with sufficient certainty, facts and circumstances to give cause of action.

Whereupon, as the record shows, the complainant declared in open court that he elected to "stand on the covenant of warranty in said deed," and dismiss all claim on the false representations and deceit. This was taken down by the clerk and thereupon the defendant's motion to make the complaint more certain and definite was dismissed.

Complainant then filed an amended complaint expressive of his intention ; and without setting out the covenants says, that "he relies entirely upon the warranty in the deeds *made part of the original complaint* and that he does not intend for this suit to be in the nature of an action on the case, but in the nature of covenant, and only asks that he may have judgment

against defendant for the amount of money he paid" and interest.

Being thus advised, by reference to the old familiar forms of action, of what the plaintiff meant, and being directed to sources of further information, to-wit: the deeds filed, the defendant might have ascertained, as he doubtless did, that in the deeds, which are alike, he had used the statutory words of covenant "grant, bargain, sell and convey," and had specially covenanted that he was lawfully seized of the lands in fee simple ; that they were free of incumbrances, and that he had bound himself to warrant and defend the title against the lawful claims of all persons whatsoever.   There might have been some uncertainty in his mind perhaps as to *which* of the warranties the plaintiff relied upon, but he answered and thereby waived all further objections.

These proceedings are strongly suggestive of the primitive days, when all altercations before the court, between suitors and defendants, were *ore tenus*, and taken down in the third person by the clerk.   They made an issue, however, with tolerable precision, deriving their certainty chiefly from the reference to the old common forms of action—now abolished. The Civil Code (see Sec. 4599 *Gantt's Digest*) requires a pleader to make a bond, bill, note, or other writing which is evidence of indebtedness, and the foundation of the action "a part of the complaint" by filing it.   In such cases, upon demurrer, the court may consider the paper filed as part of the record.   It has been considered loose practice, however, to plead in this way, and upon the motion to make more definite, the court should have ruled the plaintiff to set forth in the body of the complaint, in a clear succinct manner, everything necessary to make his cause of action complete.   The failure to do so was not error, however, and, if it were, it is cured by the answer.   It is in the power, and is the duty of the courts,

to educe from the code and settle by practice, new forms of pleading in accordance with its genuine spirit. But this falls within their discretion.

An important distinction is to be noted in passing. (Ib., 4600.) When the action is not *founded upon* the instrument, as evidence of indebtedness, but when the instrument is merely relied upon, it must still be filed ; but the plaintiff has no right, by reference, to make it a *part of the pleading*, and it cannot be noticed on demurrer any further than to explain allegations—not to supply them, nor should it be noticed, on demurrer, to contradict them even, since, in such cases, the instruments are essentially *evidence* and no part of the pleading. In the first class of cases the filing and making them a part of the pleading, places them in the position they would have had at common law if heard to be read in response to a prayer of oyer. In the latter class they are simply required to be filed for information to the court and suitors in advance.

In this case the written covenants are the foundation of the action to recover money, and might, at common law, have been the subject of oyer. The allegation is that plaintiff purchased by warranty deed. The court could understand that there were some covenants in the deed to warrant and defend the title, and the deeds themselves, made part of the pleadings, might supply more definite information. Orderly pleading, and the dispatch of business will, in general, however, be promoted by requiring the complainant, upon motion for rule, to insert in the body of his complaint, as at common law, all that is necessary to show his cause of action, and not drive a defendant to search voluminous documents or obtain explanations of record, before he can be well advised of what he must answer. Thus only by wise and prudent co-operation on the part of the Circuit Courts with the spirit and purpose of the new procedure, can the experiment be fairly tried of remodel-

ing the formal modes of arriving at issues of law and fact, and crystalizing into the practice new forms embracing only matters of substance, and better adapted to modern convenience, but insisting upon that much. This effort is due from the judiciary to the legislative department, and if, after all, it may be found best to return to the old forms of action, divested of excrescences and absurdities, the Legislature may be trusted to perform the work. Until that is done, this court will not interfere with the discretion of the Circuit Courts within the latitude which the Code allows, especially where the defendant has answered and gone to trial on the merits.

The answer admits the execution of the deeds, but denies that the consideration was paid in full, or that the lands then belonged to the United States. By way of further defense, defendant says that he was duly declared a bankrupt on the 13th day of October, 1868, and discharged on the 23d of July, 1869.

It appears that the deeds were executed respectively on the 31st of August, 1861, and 7th of March, 1863.

The plaintiff filed a reply, which not being authorized by the Code, should have been stricken from the files.

The cause was submitted to the court, sitting as a jury, which found for the plaintiff, and rendered judgment for the sum of $1,474.36. There was a motion for a new trial overruled: bill of exceptions, and appeal granted.

The evidence showed that at the time of the execution of the deeds, the title to the property was in the United States, and that neither party had ever taken or attempted to take possession. At the time of the suit a part had been entered by a third party under the laws of the United States, as a homestead, and was in his possession. Pending the suit the balance had been entered and occupied by still another party.

The covenants for seizin and against incumbrances, (if the

latter was broken at all) were broken at the time of the con-
veyance, and damages might have been proven in bankruptcy.
The remedy on them was clearly barred.

With regard to the covenant to warrant and defend the title,
it was personal between covenantor and covenantee. It might
have run with the land if any land, or interest in land or seizin
of land, had passed by the deed upon which it could attach.
There being none, no lawful possession could have been taken,
and as held by this court in *Hendricks* v. *Kezee et als.*, there
was nothing to defend; and there could be really no eviction.
Where anything passes to the vendee, there must be eviction
or its equivalent, before an action can arise on a covenant of
warranty. Where no title passes, nor possession is taken of
lands held by a stranger, there have been two lines of decis-
ions totally at variance and antagonistic to each other, with
regard to the rights of a covenantee under a covenant of war-
ranty.

In some it is held that as there never was possession, nor
could not be without trespass (which the law would neither
require nor sanction), there could never be eviction, or its
equivalent, and that no cause of action could arise on the war-
ranty at all; but that a purchaser must protect himself by
taking covenants of seizin and right to convey, and against in-
cumbrances, or be helpless, except perhaps, by action for
money paid without consideration.

In other cases it has been held that the scope of a warranty
of title is more extensive than a mere obligation to defend
against eviction, or make compensation in damages. That it
implies that there is such a title existing as the deed pretends
to convey, so far, at least, as to absolve the covenantee from
the necessity of first entering and then yielding to title para-
mount, which latter course would be equivalent to eviction,
and that an action would lie at once. The matter is very ably

discussed, and the authorities upon both sides collected in a recent case before the Commission of Appeals of New York (65 N. Y. Rep., 499, *Shuttuck* v. *Lamb.*) In this case a dissenting opinion was delivered by Commissioner Dwight in support of the first view above mentioned. It was an action upon covenants for quiet enjoyment, and to warrant and defend the title, which covenants are essentially the same. (*See Raule on Covenants for Title*, *p.* 215, and cases in note.) The court held that if the covenantee is kept out by superior title, it is equivalent to an eviction, and gives effect to the covenant.

These two lines lead to different poles, totally at variance. In the first view there is no cause of action at all upon the covenants. In the second a cause of action arose at once, without any eviction, and in the latter case the time of discovery of the paramount title is not important.

In the case of lands held by the United States, it may be remarked that the reason of the general rule requiring eviction before suit on warranty does not apply. Ordinarily, if one be not evicted by title paramount, his possession will ripen into a title, and until eviction, *non constat* that he will lose it. But in the case of government lands, there can never be such adverse possession as will give title. Which ever line of decisions may be the better founded, either will apply more strongly to the case of lands held by the United States than to that of lands held by title paramount in the hands of a third party.

Without further discussion of a point which does not require a decision in this case, it suffices to say that in either view of the effect of the warranty, this action could not be maintained upon that.

If the former line of decisions be correct, there never was any cause of action on the warranty. If the latter be better founded, the cause of action arose at the time of the execution

of the deeds, and like the covenant for seizin, is barred. The same reasoning applies to the statutory covenants embraced in the words "grant, bargain and sell."

It is unnecessary to notice divers other grounds of error alleged to have been committed. They all depend upon the principles above discussed, and stand or fall accordingly.

The court, for the reasons above indicated, erred in finding for the complainant, and rendering judgment in his favor.

Reverse the judgment, and remand the cause for a new trial, and other proceedings consistent with law and this opinion.