YOUNG, TRUSTEE, ETC. V. KING ET AL.

1. NEW TRIAL—*Rule in Supreme Court when no motion for.*
   Where there is no motion for a new trial, the Supreme Court will not review a
   decision of the Circuit Court admitting or rejecting evidence, or giving, or
   refusing instructions.

2. APPEAL FROM JUSTICE OF THE PEACE:—*Affidavit for, amendable*—
   An informal affidavit for appeal from a Justice of the Peace may be amended
   in the Circuit Court; and if not objected to there, it is not good practice to
   allow objections to it in the Supreme Court.

APPEAL from *Lonoke* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Clark & Williams* for appellant.

*Chapline & Trimble, contra.*

ENGLISH, C. J.:

This was an action of replevin for two mules, commenced
before a justice of the peace of Lonoke county, by E. A.
Young, trustee in a deed of trust, for the use of Banyan Payne,
against J. M. King, sheriff, etc.

It seems from the sworn complaint that King, as sheriff, had
levied upon and taken possession of the mules by virtue of an
execution issued by a justice of the peace, upon a judgment in
favor of S. Blum, against John T. Miller, and that the plain-
tiff in this suit claimed the mules under a deed of trust execu-
ted by Miller for the use of Payne.

On the application of Blum he was made a defendant.

The justice rendered judgment in favor of the plaintiff for
the mules, and the defendant appealed to the Circuit Court.

In the Circuit Court, at the October term, 1877, by consent
of parties the cause was submitted to the court sitting as a
jury.

The plaintiff, to sustain the issue on his part, produced and
read in evidence a deed of trust, executed to him, as trustee,

Young, Trustee, etc. vs. King et al.

on the 22d December, 1876, by John T. Miller and Robert B. Miller, partners under the firm name of John T. Miller & Bro., conveying the mules and other property to plaintiff, in trust, to secure debts due from them to Payne. The court, on inspection of the deed, pronounced it fraudulent and void on its face and rejected it as evidence of title to the mules in the plaintiff.

The plaintiff offering to introduce no other evidence, the defendant proved the value of the mules, and the court found in their favor, and rendered judgment for restitution, etc.

The plaintiff took a bill of exceptions without moving for a new trial, and appealed to this court.

The cause has been submitted on briefs upon the merits, and also upon a motion of appellees to dismiss the case because no motion for a new trial was made by appellant in the court below.

I. During the time of the five judges, it was repeatedly held by this court that under the Code practice it would not review decisions of the Circuit Court admitting or rejecting evidence, or giving or refusing instructions where there was no motion for a new trial. *Steck* v. *Mahar*, 26 Ark., 536 ; *Merriweather* v. *Erwin*, 27 Ib., 37 ; *Worthington et al.* v. *Welch ad.*, Ib., 464.

Such also appears to be the practice under the Kentucky Code, from which ours was copied. *Detherage* v. *Montgomery*, 4 Bush., 46 ; *Humphreys* v. *Walton*, 2 Ib., 580.

In *Harper* v. *Harper*, 10 Bush., 451, the court of appeals, by Justice COFFER, said :

"When an appeal is prosecuted from a judgment on a verdict without a motion for a new trial having been made and overruled, nothing is brought before this court except the pleadings, verdict and judgment ; and if the pleadings and verdict authorized the judgment rendered, it will be affirmed

without regard to the rulings of the court at the trial further than they appear in the judgment.

"But when a motion for a new trial is made, it is the duty of the Circuit Court to review all its rulings during the trial, which were excepted to by the unsuccessful party, and grant a new trial, if error has been committed to his prejudice; and if the court fails to do so, and overrules the motion, the order will be erroneous, because of the previous errors, and this court will review the order, and remand the case with directions to award a new trial."

It follows under this rule of practice that the decision of the court below pronouncing the deed of trust fraudulent upon its face, and rejecting it as evidence of appellant's title to the mules, is not properly before us for review on this appeal."

II. Counsel for appellant submit that the affidavit for an appeal from the judgment of the justice of the peace to the Circuit Court, was not in good form, and therefore, the latter court acquired no jurisdiction of the cause.

The affidavit follows :

"Personally appeared before me, R. Anderson, a justice of the peace, in and for the said county and State, Thos. C. Trimble, attorney in the above cause for defendants, and stated that said appeal is not taken for daily, to vex, harrass or annoy plaintiff, but that justice might be done in the *premises*.

The county, State and names of the parties are in the caption, and the affidavit was sworn to before the justice who tried the case.

The statute provides that the applicant for an appeal, or some person for him, "shall make and file with the justice an affidavit that the appeal is not taken for the purpose of delay, but that justice may be done him. *Gantt's Digest*, Sec. 3821.

No objection was made in the court below to the sufficiency of the affidavit.

Had a motion been made to dismiss the appeal for want of a more formal affidavit, the party taking the appeal might have been permitted to amend the affidavit if deemed by the court to be in bad form. *Gantt's Digest* Secs. 3827–8.

No objections to the affidavit having been made in the court below, but appellant having submitted to a trial *de novo*, it is not good practice to permit the objections to be made here for the first time. *James et al. adr.* v. *Dyer, adr.*, 31 Ark., 489.

The judgment of the court below must be affirmed.