KEARNEY, ASSIGNEE, v. MOOSE ET AL, RECEIVER.

1. PRACTICE IN SUPREME COURT: *Bill of Exceptions signed in Vacation.*
When a motion for new trial is not acted on by a special judge try-
ing the case, and a bill of exceptions is afterwards signed by him
in vacation with a statement that he would have overruled the
motion if he had not been called away, the case stands as if no
motion for new trial had been filed and no bill of exceptions taken.
and presents no question for the decision of this court.

APPEAL from *Conway* Circuit Court.
Hon. C. B. MOORE, Special Judge.

*Clark & Williams*, for appellant:
Mortgagee not entitled to back rents or profits on fore-
closure. *Jones, on Mort.*, secs. 670, 671; 3 *Ind.*, ch. 186;
91, *U. S.* (1 *Otto.*) 603; 5 *Bish.*, 237.

The jurisdiction of the Chancery Court was ample; no
attachment necessary. Besides it was not in this case au-
thorized by the acts under which it was brought, (acts of
1861, p. 101, *Gantt's Digest.*) Fletcher & Hotze had not
the landlord's lien; it belonged to the estate; Gill no party
to the transfer of the claim. Hence the giving and refus-
ing of the instructions were erroneous.

Argued upon the facts that there was no ground for
attachment, even if allowable on grounds.

Besides, Gill was a partner with Mrs. Carroll, and not
strictly a tenant. The jurisdiction was in equity alone.

*Jno. Fletcher*, for appellee:
The affidavit was sufficient, or if not, amendable. 4
*Met.*, (*Ky.*) 342; 17 *B. Mon.*, 324; 2 *Bush.*, 191; 7 *G.*,
383; 13 *How. Pr.*, 348; 65 *N. C.*, 645; 33 *Ark.*, 406;
*Gantt's Digest*, secs. 394, 4616, 4619, in support of the
complaint, and of the right of receivers to sue under the

decree cited, *Gantt's Digest*, sec. 4813. The tenant must attorn to receiver; 2 *Jones on Mort.*, sec. 1536; 3 *Sandf.* (*N. Y.*) *ch.* 69; 1 *Hilliard on Mort.*, 199; (*chap.* 19, sec. 28, *et seq.*); 1 *Met.*, 494; 13 *G.*, 352; 8 *Paige* (*N. Y.*) 565.

There was no timely action on the motion for a new trial, and upon the bill of exceptions, to make them a part of the record, and none of the matters are properly here for decision.

ENGLISH, C. J. This action was brought by James M. Moose and Carroll Armstrong, as receivers in chancery, against John W. Gill for rent, and an attachment sued out under the landlord's lien act. Cotton and corn were attached and bonded by defendant.

Defendant filed a motion to quash the attachment, for informality of the affidavit, &c. Plaintiffs filed an amended affidavit, which defendant moved to strike out, but the motion was not acted on by the Court.

Defendant filed an answer to the complaint, traversing its allegations, &c.

Pending the suit Gill was adjudged a bankrupt, and Wm. Kearney, his assignee, was substituted as defendant.

The cause was finally submitted to a special Judge, sitting as a jury, on the complaint and answer, and finding, and judgment for plaintiffs.

Defendant filed a motion for a new trial, but the Court finally adjourned without any decison upon it.

Afterwards, in vacation, defendant procured the special Judge to sign a bill of exceptions, setting out the evidence introduced on the trial, the declaration of law made by the Court, and the motion for a new trial, in which the special Judge stated that he would have overruled the motion for a

new trial had it been submitted in term when he was present, but he was called away and the motion was not overruled.

After the bill of exceptions was obtained it was filed with the Clerk of the Court below, and the Clerk of this Court granted defendant an appeal.

There is no question properly presented for the decision of this Court on this appeal.

The case stands as if no motion for a new trial had been made, and no bill of exceptions taken. *Young, Trustee &c., v. King et al.*, 33 *Ark.*, 745.

The points argued by counsel for appellant arise upon facts stated in a bill of exceptions irregularly taken, and might be considered and decided if the motion for a new trial had been overruled, and bill of exceptions properly taken. Leaving the bill of exceptions out of view, there appears upon the face of the record proper, no ground for reversal.

Affirmed.