SCROGGIN *v.* HAMMETT GROCER COMPANY.

Opinion delivered February 11, 1899.

EQUITY—RELIEF AGAINST JUDGMENT AT LAW will not be given in equity upon the ground that counsel of the defeated party negligently omitted to call up a motion for a new trial, in order to have it passed on, under the mistaken impression that such motion had been overruled. (Page 184.)

Appeal from Ouachita Circuit Court in Chancery.

CHARLES W. SMITH, Judge.

*Geo. H. Sanders,* for appellants.

It was error for the chancellor to refuse to pass upon appellants' motion for new trial.  40 Ark. 338; *ib.* 551; 48 Ark. 535; 50 Ark. 458; 51 Ark. 341; 57 Ark. 597; 61 Ark. 346. The tax-assessment list of appellees was not competent evidence.  42 Ark. 527; 44 Ark. 263.  The shipment of goods out of the state, in the regular course of business, about six months before the attachment, was not such a removal as authorized the attachment.  4 Fed. 298; 44 Ark. 304; Drake, Attach. § 71.

*Smead & Powell,* for appellee.

BATTLE, J.  Appellants lost the benefit of their motion for a new trial by their own negligence.  They-alleged that the motion, which was set out in their complaint, was filed in due time, but that the court failed to act upon it.  The only reason given for this failure was "that defendant's counsel were of the impression that said motion had been overruled, and that plaintiffs thereby lost their right of appeal without any fault or negligence on their part, but solely on account of the failure to call up and act upon said motion as above set out."  This reason is insufficient.  It was their duty to call up the motion for the court to act upon it, in order to prevent it being passed unnoticed.  They did not do so.  The bill of exceptions in the case, which was filed and made an exhibit to their complaint in equity, shows that two of their counsel "were continuously present from day to day during the term at which said motion for a new trial was filed, and, from the time it was filed until the adjournment of the term, were often and daily asked by the court if they had any motion to make, and no mention of said motion for a new trial was made by either of them to the court, either in response to the court's inquiry for motions or at any other time."  In the absence of fraud or unfairness, they are concluded by the acts or omissions of their attorneys.  They are entitled to no equitable relief.  *Lawson* v. *Bettison,* 12 Ark.

401; *Jamison* v. *May*, 13 Ark. 600; *Vallentine* v. *Holland*, 40 Ark. 338; *Jackson* v. *Woodruff*, 57 Ark. 597.

Decree affirmed.

BUNN, C. J. I concur in the judgment of dismissal for want of equity, but on a different ground from that assigned by the majority of the court. I think there was no error in the circuit court in sustaining the attachment, as appears from the bill in this case, and that therefore there was no good ground upon which the motion for a rehearing could have been sustained. It makes no difference, then, what were the motives of the local attorneys in respect to the motion for a new trial.