### BOULDIN *v.* JENNINGS.

#### Opinion delivered November 1, 1909.

1. PLEADING—EXHIBITS.—While exhibits form no part of the complaint in an action at law, they may be referred to for an explanation of its allegations.   (Page 305.)

2. JUDGMENTS—AMENDMENT.—The authority of a court to amend the record of its judgments by a *nunc pro tunc* order is to make it speak the truth, but not to make it speak what it did not speak, but ought to have spoken.   (Page 305.)

3. SAME—POWER OF COURT OVER.—Except for the purpose of amending its record to make it speak the truth, a court rendering a final judgment, as a general rule, is absolutely without power to alter it in substance or merit after the expiration of the term at which it was rendered.   (Page 305.)

4. ADMINISTRATION—VALIDITY OF SALE—DESCRIPTION OF LAND.—Where an order of the probate court for the sale of land of an estate was defective in describing it merely as "part" of a certain forty-acre tract, the court was not authorized to amend it at a subsequent term so as to describe the land accurately.   (Page 305.)

Appeal from Lawrence Circuit Court; *Frederick D. Fulkerson,* Judge; reversed.

*Beloate & Lomax,* for appellant.

The statute of limitations does not run against a minor, neither can a minor be estopped by any conduct during mi-

nority to claim its inheritance. 85 Ark. 556; 87 Ark. 206. A void judgment has no effect; it neither binds nor bars. 81 Ark. 463.

*W. A. Cunningham* and *J. N. Beakley,* for appellee.

The validity of the judgment of a probate court ordering the sale of lands does not depend upon the sufficiency of the petition therefor. 44 Ark. 267; 70 Ark. 88; 74 Ark. 86. The court in directing a verdict did not abuse his discretion. 69 Ark. 432.

BATTLE, J. On the fifth of October, 1906, Annie Bouldin and others brought an action against W. S. Jennings to recover the possession of "all that part of the northwest quarter of the northeast quarter of section thirty-four in township seventeen north, and in range one east, lying east of Village Creek, the bed or channel of which being the west boundary line." They state in their complaint sustantially as follows: James Tillman died on the 26th day of May, 1895, leaving Annie Bouldin, his widow, and Dollie Bagley, then of the age of seventeen, Oscar Tillman, then of the age of fifteen, and Essie Tillman, then of the age of three, his only heirs, they being his children. He died seized and possessed of the land described, occupying the same as his homestead. B. A. Morris was appointed administrator of the estate, and prior to the 18th day of July, 1899, paid all the probated claims against the same, and thereafter presented a petition to the Lawrence Probate Court for the sale of certain lands, describing them as follows: "Part of the northwest fourth of the northeast fourth, section 34, township 17 north, range 1 east," alleging that debts probated against the estate remained unpaid. On the 18th day of July, 1899, the probate court made the order of sale, describing the lands as described in the petition. A copy of the order is made an exhibit to the complaint. The land as described was sold by the administrator, and he made report of the sale to the probate court, which was approved. The order approving is made an exhibit to the complaint. Plaintiffs further stated "that said defendant, realizing that his said deed was void for uncertainty in the description and that same created no color of title, attempted to get the Lawrence Probate Court for the Eastern District to grant him

an order *nunc pro tunc* correcting the description in said order of sale in his deed, and obtained another order." A copy of the order is filed as exhibit to the complaint.

They asked for "judgment against the defendant for the possession of the land, for cost and all other relief."

The first exhibit shows that the court ordered "part of northwest quarter or the northeast quarter of section 34, township 17, range 1 east," to be sold.

The second exhibit shows that the administrator reported to the court that he had sold "part of northwest quarter of the northeast quarter of section 34, township 17 north, range 1 east."

The third exhibit is as follows: "In the matter of the estate of James C. Tillman, deceased:

"Comes W. S. Jennings and, petitioning the court, would respectfully state that at the July, 1899, term of this court an order was made upon the petition of B. A. Morris, administrator of the estate of James C. Tillman, deceased, for the sale of certain lands belonging to said estate for the purpose of paying debts probated against said estate; that on the 19th day of August, 1899, said B. A. Morris, as such administrator, in accordance with the order of said court, offered said lands for sale, and this petitioner became the purchaser of the same for the price and sum of four hundred and fifty dollars, which was more than two-thirds of the appraised value of same; that at the January term, 1901, of this court the said administrator reported the said sale to this court, and the same was approved, and in all things confirmed, and the said administrator directed to make a deed to this petitioner upon the payment of the purchase money. That on the 26th day of January, 1901, the said administrator, in obedience to said order, executed to this petitioner his deed, which is exhibited herewith. That in the order of sale, the sale report of the same and the deed made to this petitioner the said land was described as part of the northwest quarter of section 34 in township 17 north, range 1 east, when the proper description of said tract of land intended to be conveyed was as follows, towit: 'Beginning at a point on the north boundary line of section 34, township 17 north, range 1 east, where the channel of Village Creek crosses the said line; thence

.down said channel to within 15 feet of the upper side of the old bridge; thence west parallel with said bridge to a point where said line crosses the north boundary line of section 34; thence east to the place of beginning, and all that part of the northwest quarter of the northeast quarter of section 34, township 17 north, range 1 east, lying east of Village Creek, excepting the following: Beginning at a point south 88 degrees, east 2.40 chains from the quarter section corner and the north line of sections 34-17-1 east; thence south 45½ degrees, east 12¼ chains; thence north 29 degrees, east 9.15 chains; thence 88 degrees west, 13.30 chains to place of beginning, said excepted tract having been deeded to the town of Walnut Ridge, Ark.

"That since making the said deed B. A. Morris has been discharged as administrator of the estate of James C. Tillman, deceased, and on the 10th of February, 1903, J. N. Beakley was appointed administrator of the same by the clerk of this court, which appointment was by the court, at its present term, approved and in all things confirmed. Wherefore, the premises being seen, your petitioner respectfully asks that an order be made approving the sale of the land above described to this petitioner, and that the said J. N. Beakley be directed to make deed to this petitioner for the said land as properly described and for all other proper relief. The within petition being this day examined, and the court being satisfied, from the papers filed and the former orders of this court and from the testimony of witnesses produced, that the sale of the property was regularly made according to the law and the order of this court, but that the description of said land was not full enough, it is therefore considered and ordered by the court that the sale of the said lands, as set out in the correct description, be and the same is hereby approved and in all things confirmed, and J. N. Beakley, as administrator in succession, is directed to make a deed to said purchaser with proper recitals and containing proper description as herein contained."

The defendant answered in part as follows:

"That he admits that James Tillman departed this life about the date set out in said complaint, and that plaintiff Annie Bouldin was his widow, and that the other plaintiffs were his heirs at law, but states that he is not sufficiently advised as to

their respective ages at the time of their father's death to either admit or deny the same. Defendant admits that at the death of said James Tillman he was seized and in the actual possession of the lands described in plaintiff's complaint, but denies that the description given is the correct description of the same. And he denies that said lands were at the time of his death the homestead of the said James Tillman, deceased. Defendant admits that the estate of the said James Tillman was administered on by B. A. Morris, but he denies that on the 18th day of July, 1899, or any other time before the sale of the lands mentioned, the said administrator paid off or satisfied all the debts probated against said estate, and he denies that at the time mentioned as the date of the order of the probate court there were no probated debts against the said estate, but states that when said order was made there were debts probated against said estate which at that time remained unpaid.

"Defendant admits that on or about the 18th of July, 1899, said administrator applied to the probate court of Lawrence County, for its Eastern District, for an order to sell the lands described for the purpose of paying the debts probated against said estate, and that an order of said court was duly made and entered directing the said administrator to sell said lands for that purpose. In obedience to said order the lands described in plaintiff's amended complaint were, after due advertisement and appraisement, as required by law, duly offered for sale to the highest bidder on the 19th of August, 1899, at which sale this defendant became the purchaser thereof at and for the sum of four hundred and fifty dollars.

"Defendant admits that at the January term of the said court, 1901, said administrator reported the said sale, and that the same was approved and in all things confirmed, and the said administrator was directed to make a deed to the defendant.

"Defendant admits that in said report of sale the lands were not fully described, but were described as part of the northwest quarter of the northeast quarter of section 34, belonging to said estate.

"Defendant further admits that he afterwards filed a petition in the probate court of Lawrence County for its Eastern District, asking that an order be made correcting said order of

court and confirming said sale by the correct description, and that an order was duly made, which plaintiff refers to and purports to exhibit to his complaint, but does not attach the same.
\* \* \* \*

"Defendant, for his further and separate defense to plaintiff's purported cause of action, states that the plaintiffs, after being fully advised of the facts and circumstances in and about the sale, filed a suit in the circuit court of Lawrence County for its Eastern District against B. A. Morris for the purchase money paid for the land sued for in this case. And defendant pleads such act as an estoppel against plaintiff in this suit."

The record in this case is, in part, as follows:

"On this day, this cause coming on to be heard, come the plaintiffs, Effie Tillman, Oscar Tillman, Annie Bouldin and Dolly Bagley, in person and by attorney, and comes W. S. Jennings in person and by attorney, and, all parties coming ready for trial, comes a full jury of the regular panel to try same. After paneling the same, the plaintiff asked and obtained leave to amend his complaint by inserting 'occupying same as his homestead,' and the defendant amended his answer and at the same time making an additional answer, setting up the cause wherein Oscar Tillman *et al.* was plaintiff, and B. A. Morris was defendant, as an estoppel, and the plaintiffs thereupon interposed a demurrer to said answer, which, upon being overruled, and to the overruling of which they at the time excepted, and asked that their exceptions be noted of record, which was done, and plaintiffs thereupon refused to proceed further, but stood upon their demurrer. Whereupon the court directed the jury to return a verdict for the defendant, which they did in words and figures as follows: 'We, the jury, find for the defendant. Frank F. Sloan, foreman.' After the verdict was signed, but before it was read by the clerk, plaintiff asked to be allowed to take a nonsuit, but was refused by the court. Which refusal was excepted to by the plaintiff and duly noted of record, which was done, and the verdict read. It is therefore ordered and adjudged that plaintiff take nothing by this suit; that the defendant have and recover of and from said plaintiffs all his cost laid out and expended."

While the exhibits in this case form no part of the complaint, they may be referred to for an explanation of its allegations. *Abbott* v. *Rowan,* 33 Ark. 596. Using them in this manner, we find it alleged, and not denied, that the Lawrence Probate Court ordered part of the northwest quarter of the northeast quarter of section 34, township 17 north, range 1 east, to be sold by the administrator of Tillman's estate; that the administrator sold the land as described, and reported the sale to the court as so made, and it was approved in the same manner; and that the probate court, at a term held subsequently to the time when the sale was made, undertook to correct the order approving the sale by the administrator by an order *nunc pro tunc,* by describing the land alleged to be sold by metes and bounds, without evidence showing that a sale of such land was ordered, made, reported or approved, virtually making a new order as a substitute for the order actually made.

"The authority of a court to amend its record by a *nunc pro tunc* order is to make its speak the truth, but not to make it speak what it did not speak but ought to have spoken." *Tucker* v. *Hawkins,* 72 Ark. 21; *Liddell* v. *Landau,* 87 Ark. 438. Further than this, a court rendering a final judgment, as a general rule, is absolutely without authority to alter it in substance or merit after the expiration of the term at which it was rendered. 17 American & English Enc. of Law, (2 Ed.) 816 and cases cited.

In the case at bar the order directing the sale made described no land, the description in it not being sufficient to designate any. The order approving the report of the administrator was equally defective. The order amending the latter was a new order, and was of no effect.

The court erred in directing the jury to return a verdict in favor of the defendant when the pleadings showed that he had no title to the land in controversy, but on the contrary it belonged to the plaintiff, and there was no evidence to the contrary.

Reversed and remanded for a new trial.