GARRETT *v.* BIG BEND PLANTATION COMPANY.

Opinion delivered October 17, 1921.

1. BANKRUPTCY—ANNULMENT OF GARNISHMENT LIEN.—Under § 67f of the Bankruptcy Act of 1898, nullifying all levies, judgments, attachments or other liens obtained within four months prior to the filing of a petition in bankruptcy against an insolvent person in case he is adjudged a bankrupt, a garnishment lien procured against a creditor of an insolvent person is annulled by adjudication of bankruptcy against such person had within 4 months from the date the garnishment lien was obtained.

2. BANKRUPTCY—EVIDENCE OF ADJUDICATION.— While the record of the bankruptcy court is the best evidence of the rendition of an adjudication of bankruptcy, it is unnecessary to prove such fact where it is admitted.

3. GARNISHMENT—DEPOSIT IN LIEU OF GARNISHED FUND.—Where a defendant filed a bond to secure the release of a garnished fund, and subsequently deposited in the registry of the court a sum of money equivalent to that fund, such sum will be treated as in lieu thereof.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

### STATEMENT OF FACTS.

R. B. Garrett, receiver of the First National Bank of Judsonia, brought suit by attachment against the Big Bend Plantation Company, a corporation duly organized under the laws of the State of Arkansas, and as grounds for the attachment alleged that said corporation was disposing of its property with the intention of delaying and hindering the plaintiff in the collection of his debt.

A writ of garnishment was issued against the Bald Knob State Bank, alleging that it had in its possession money belonging to the said corporation.

The garnishee filed an answer in which it admitted that it was indebted to the Big Bend Plantation Company in the sum of $1105.69. Avery M. Blount intervened in the action, and asked that the money garnished be turned over to him, as receiver for the Big Bend Plantation Company, which had been adjudged a bankrupt by the federal court.

On the trial, it was shown that, at the time the garnishment was issued, a bond was given, and the Big Bend Plantation Company drew the money out of the bank. Subsequently the Big Bend Plantation Company deposited in the bank $1105.69 to procure the release of the bond, and the bank paid that money to the circuit clerk and authorized him to release the bond. This was sometime before the Big Bend Plantation Company went

into bankruptcy. The writ of garnishment was issued on Aug. 19, 1920, and the answer of the garnishee was filed on September 11, 1920.

According to the testimony of Avery M. Blount, the Big Bend Plantation Company filed a petition in bankruptcy on the 4th day of December, 1920. We quote from his testimony the following:

Q. Has the Big Bend Plantation Company been adjudged a bankrupt?

A. They have.

(We object to that because they cannot prove it in that way).

A. I have the original record.

Q. Do you know what date the petition was filed?

A. Yes, sir, I know the date.

Q. What date was it?

A. Dec. 4, 1920.

Q. Has the Big Bend Plantation been adjudged a bankrupt?

A. Yes, sir.

I object to it.

The objection is sustained.

Note the exception.

Q. Do you know whether or not the Big Bend Plantation had been adjudged a bankrupt?

We object, it is a matter of record.

The objection is sustained.

Note the exception.

Mr. Barber: "I want to call the court's attention to the fact that when this question came up last Monday the attorneys admitted that the voluntary petition had been filed and that the Big Bend Plantation Company had been adjudged a bankrupt."

Mr. Brundidge: "That may be true, and I guess they have been adjudged a bankrupt, but we object to that way of proving it."

The circuit court found that the garnishment proceedings in this cause were commenced within four

months prior, to the filing of the petition in bankruptcy against the defendant, Big Bend Plantation Company, and that the Big Bend Plantation Company was duly adjudged a bankrupt in the Federal court.

The court further found that the garnishee, the Bald Knob State Bank, had turned over to the clerk of the circuit court $1105.69 belonging to the Big Bend Plantation Company. Judgment was rendered turning it over to Avery M. Blount, receiver of the Big Bend Plantation Company, bankrupt, in the Federal court.

The case is here on appeal.

*Brundidge & Neelly,* for appellant.

Appellee was not insolvent at the time of the filing of the suit and issuing of attachment and garnishment, and the fact that it was placed in involuntary bankruptcy just a few days before the expiration of the four months period, would not avail the appellee anything unless it can be shown that the company was insolvent at the time of the filing of the suit in the circuit court. 7 C. J. 197; 227 Fed. 975 and cases cited; 260 Fed. 93 and cases cited.

*Rogers, Barber & Henry,* for appellee.

This is a case for the bankruptcy courts. 2 Remington on Bankrupty, § 1599. Where the possession of the State court has created a lien by legal proceedings within four months of the bankruptcy and while the debtor is insolvent, the State court does not retain jurisdiction. Remington on Bankruptcy, Vol. 2, § 1500, also § 1461; 2 A. B. R. 97; 3 A. B. R. 283; 115 Fed. 906.

HART, J., (after stating the facts).

Sec. 67f of the Bankrupt Act of 1898 provides:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly

discharged and released from the same, and shall pass
to the trustee as a part of the estate of the bankrupt,
unless the court shall, on due notice, order that the right
under such levy, judgment, attachment, or other lien
shall be preserved for the benefit of the estate; and
thereupon the same may pass to and shall be preserved
by the trustees for the benefit of the estate as aforesaid.
And the court may order such conveyance as shall be
necessary to carry the purposes of this section into ef-
fect.    Provided, that nothing herein contained shall have
the effect to destroy or impair the title obtained by such
levy, judgment, attachment, or other lien of a *bona fide*
purchaser for value who shall have acquired the same
without notice or reasonable cause for inquiry.''

In the case of *Clarke* v. *Larremore,* 188 U. S. 486,
it was contended that, inasmuch as the sheriff had sold
the goods levied upon before filing the petition in bank-
ruptcy, the proceeds of the sale were the property of the
plaintiff in execution, and not of the bankrupt at the
time of the adjudication, and that the trustee therefore
had no title to the same.    The contention involved the
construction of the section of the bankruptcy act quoted
above.

MR. JUSTICE BREWER in construing the section, and
disposing of the contention made, said:

''This contention cannot be sustained.    The judgment
in favor of petitioner against Kenney was not like that
in *Metcalf* v. *Barker,* 187 U. S. 165, one giving effect
to a lien theretofore existing, but one which with the
levy of an execution issued thereon created the lien;
and, as judgment, execution and levy were all within
four months prior to the filing of the petition in bank-
ruptcy, the lien created thereby became null and void
on the adjudication of bankruptcy.    This nullity and in-
validity relate back to the time of the entry of the judg-
ment and affect that and all subsequent proceedings.
The language of the statute is not 'when' but 'in case he
is adjudged a bankrupt,' and the lien obtained through
these legal proceedings was by the adjudication rendered

null and void from its inception. Further, the statute provides that 'the property affected by'—not the property subject to—the lien is wholly discharged and released therefrom. It is true that the stock and fixtures, the property originally belonging to the bankrupt, had been sold, but having, so far as the record shows, passed to a *bona fide* purchaser for value,' it remained by virtue of the last clause of the section the property of the purchaser, unaffected by the bankruptcy proceedings. But the money received by the sheriff took the place of that property.''

In the application of the rule there announced to the present case, when the Big Bend Plantation Company was adjudged a bankrupt, the bankruptcy statute quoted above operated to nullify and render void the garnishment lien obtained by the plaintiff garnishing the Bald Knob State Bank and to wholly release and discharge the debt due the Big Bend Plantation Company from such lien. The plaintiff obtained his garnishment lien subject to the lien being defeated if a petition in bankruptcy was filed against the defendant, Big Bend Plantation Company, within four months from the date the garnishment lien was obtained and it was adjudicated a bankrupt. In such cases the invalidity relates back to the inception of the lien, so that, for all purposes, the lien may be said never to have existed.

Therefore it was not necessary to prove that the Big Bend Plantation Company was insolvent at the time the garnishment lien herein was obtained. See 2 Remington on Bankruptcy, (2nd. Ed.) § 1467.

It is admitted that the record shows that the petition in bankruptcy was filed within four months from the time the garnishment lien was obtained, but it is insisted that the record does not show that the Big Bend Plantation Company was adjudged a bankrupt, and that on this account the motion of Avery M. Blount to dismiss should have been overruled. The court expressly found that the Big Bend Plantation Company had been adjudged a bankrupt upon a petition filed in the Federal court,

and we are of the opinion that the record fairly supports its finding. We have copied in our statement of facts the record on this phase of the case. It is true the record of the bankruptcy court was the best evidence of the rendition of the judgment. The record here shows that, upon objection being made to the oral testimony of Avery M. Blount, the receiver in bankruptcy, to the effect that the Big Bend Plantation Company had been adjudged a bankrupt, he answered that he had the original record of the bankruptcy court.

The court sustained an objection to the adjudication being proved by oral testimony. The attention of the court was then called to the fact that the question had already been before the court in the case, and that the attorneys for the plaintiff had admitted that a voluntary petition in bankruptcy had been filed and that the Big Bend Plantation Company had been adjudged a bankrupt in the Federal court. The attorneys for the plaintiff then responded that this might be true. Under this state of the record, it was not necessary to prove the fact again. If it had already been admitted in the case, this avoided the necessity of again proving the fact, and the court might find that an adjudication of bankruptcy had been made in the Federal court. The record clearly shows that the petition was filed within four months after the garnishment lien was obtained. Therefore, the court properly sustained the motion to dismiss filed by the receiver in bankruptcy.

It is further insisted, however, that the judgment should be reversed because the Big Bend Plantation Company had withdrawn and spent the money which was the subject-matter of the garnishment proceedings.

Under the state of the record here presented, it is fairly inferable that the plaintiff in this action deposited $1105.69 with the Bald Knob State Bank to take the place of the bond it had filed when the attachment proceedings were sued on and that, with the consent of the plaintiff, the Bald Knob State Bank deposited this money with the circuit clerk to be paid out under

the orders of the court.  In short, the parties treated this as the deposit of the money in the registry of the court to be ordered paid by the court after a judicial ascertainment of the proper person to receive it.

It follows that the judgment must be affirmed.