**MARIETTA STATE BANK v. GALLOWAY et al. (No. 631—4150.)**

(Commission of Appeals of Texas, Section A. March 18, 1925.)

Bankruptcy ⊕⇒200(3)—Act of receiver in bankruptcy, in taking possession of fund garnished, held to deprive justice court of jurisdiction to render judgment against garnishee.

Where garnishment proceedings were instituted in the justice court, within four months prior to principal defendant's bankruptcy, the adjudication of bankruptcy discharged and released the fund from the lien created, and the receiver's act in taking the fund into his possession deprived justice court of jurisdiction to render judgment against garnishee, in view of Bankruptcy Act, § 67f (U. S. Comp. St. § 9651).

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by the Marietta State Bank against A. B. Galloway and others. The district court's judgment for plaintiff was reversed by the Court of Civil Appeals (258 S. W. 532), and plaintiff brings error. Reversed, and judgment of district court affirmed.

Bartlett & Patman, of Linden, and J. A. R. Moseley, Jr., of Texarkana, for plaintiff in error.

King, Mahaffey & Wheeler, of Texarkana, for defendants in error.

BISHOP, J. On the 15th day of December, 1920, A. B. Galloway sued out a writ of garnishment in a justice court of Morris county, Tex., against the Marietta State Bank for the purpose of impounding a fund, which one T. Jake Brock then had on deposit in said bank. On December 27, 1920, the bank made answer to the writ that it was indebted to said Brock in the sum of $599.84. On December 30, 1920, judgment was rendered and entered in the garnishment proceedings against the bank for $179.85. On the same day the bank made answer to the writ, Brock, on his voluntary petition, was by the United States District Court for the Eastern District of Texas adjudged a bankrupt, and a receiver was appointed and commanded to take charge of his estate, and preserve same for the benefit of all his creditors. On the same day judgment was rendered in the garnishment proceedings, the receiver demanded, and the bank turned over to him the sum of $599.84, being the amount on deposit in the name of said Brock, and all that it was indebted to Brock. Thereafter, on the 15th day of April, 1921, defendant in error Galloway caused an execution to be issued on the justice court judgment, and plaintiff in error bank instituted suit in the district court of Morris county, alleging all the facts above recited, and praying for judgment enjoining further proceedings under said justice court judgment and execution.

On trial in the district court, judgment was rendered as prayed for by plaintiff in error, and on appeal this judgment was reversed and rendered; the Court of Civil Appeals holding that, though the lien created by service of the writ of garnishment was void under the terms of the federal law, it having been served within four months prior to the filing of the petition in bankruptcy, the bank could have urged the bankruptcy proceedings as a complete defense in the justice court, that the bank "in effect waived any such defense in the justice court by not urging it," that "the justice court otherwise had full jurisdiction of the subject-matter and of the person of the garnishee," and "was not bound to take judicial notice of the filing of the petition in bankruptcy," and that "a judgment will not be enjoined where it appears that a party seeking relief therefrom had an opportunity to avail himself of legal remedies to vacate it, and neglected, without fault of the opposing side, to make use of them."

The office of the writ of garnishment was to impound and create a lien on the sum deposited in the bank belonging to Brock. This fund was the res or subject-matter in the garnishment litigation between the defendant in error Galloway and the bank. The bank was not personally liable to Galloway in any sum. Galloway could recover from the bank on no theory except that it was indebted to Brock. On this indebtedness only is the garnishment suit based. As bearing directly on the question as to whether the jurisdiction of the justice court over the subject-matter was ousted by the deposited fund being taken into the possession of the receiver in the bankruptcy proceedings, we quote from the case of Wabash Ry. Co. v. Adelbert College, 208 U. S. 54, 28 S. Ct. 182, 187, 52 L. Ed. 386, as follows:

"When a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The latter courts, though of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it."

In Murphy v. John Hofman Co., 211 U. S. 568, 29 S. Ct. 154, 156, 53 L. Ed. 330, the court says:

"But where the property in dispute is in the actual possession of the court of bankruptcy there comes into play another principle, not peculiar to courts of bankruptcy but applicable to all courts, federal or state. Where a court of competent jurisdiction has taken property into its possession, through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The court having possession of the property, has an ancillary jurisdiction to hear and determine all questions respecting the title, possession or control of the property. In the courts of the United States this ancillary jurisdiction may be exercised, though it is not authorized by any statute. The jurisdiction in such cases arises out of the possession of the property and is exclusive of the jurisdiction of all other courts, although otherwise the controversy would be cognizable in them."

Section 67f of the Bankruptcy Act (U. S. Comp. St. § 9651) is as follows:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate. * * * "

On Brock's being adjudged bankrupt this fund deposited in the bank by him was "wholly discharged and released from the" lien created by the service of the writ of garnishment, and the fund passed into the possession of the receiver as part of his estate. The federal court was authorized to take into its possession this fund, though writ of garnishment had been served, and having taken possession through its receiver, had exclusive jurisdiction over the fund. The justice court was deprived of further jurisdiction by sanction of law and was without power to render the judgment. This want of power did not result from lack of jurisdiction over the person of defendant in error, which could be waived by not pursuing some legal remedy, but resulted from the receiver's taking possession of the res or subject-matter of the garnishment proceedings. There was no legal remedy available, and plaintiff in error was entitled to have execution of this judgment enjoined. Clarke v. Larremore, 188 U. S. 486, 23 S. Ct. 363, 47 L. Ed. 558; Garrett v. Big Bend Plantation Co., 150 Ark. 180, 233 S. W. 1079.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.