LESTER v. THOMAS.

Opinion delivered June 13, 1927.

1. COURTS—FOLLOWING DECISIONS OF FEDERAL COURTS.—In the construction of the bankruptcy statute, the State court will follow the decisions of the United States Supreme Court, and the State decisions will be overruled in so far as they conflict with the United States Supreme Court decisions.

2. BANKRUPTCY—PRESUMPTION OF INSOLVENCY.—Under the Bankruptcy Act, § 67f (U. S. Comp. St. § 9651), no presumption arises from an adjudication in bankruptcy that the bankrupt was insolvent four months before the petition was filed.

3. BANKRUPTCY—VALIDITY OF GARNISHMENT LIEN.—Under Bankruptcy Act, § 67f (U. S. Comp. St. § 9651), the trustee in bankruptcy, contending that there was a preference by reason of a garnishment on a fund due the bankrupt concern, in order to defeat the validity of the garnishment lien which was obtained within four months of the bankruptcy adjudication, must allege and prove that the bankrupt was insolvent at the time the garnishment lien was secured.

4. PLEADING—EXHIBIT.—An exhibit is not a part of the complaint at law, and cannot be made so by a reference to it as explanatory of the allegations of the complaint.

5. BANKRUPTCY—ALLEGATION OF INSOLVENCY.—Where a complaint specifically made the special master's report in bankruptcy proceedings a part of it, as if incorporated therein, and exhibited the report with the complaint, and the report contained an allegation that the bankrupt was insolvent when the garnishment lien was obtained within four months of the bankruptcy, *held* that insolvency at the time the garnishment lien was obtained is inferentially alleged in the complaint.

6. BANKRUPTCY—INSOLVENCY AS QUESTION OF FACT.—In a proceeding wherein it was contended that a garnishment lien obtained within four months of a bankruptcy was a preference, the question whether the bankrupt was insolvent at that time is one of fact and not of law.

7. BANKRUPTCY—EVIDENCE—MASTER'S REPORT.—In a suit wherein it was contended that a garnishment lien obtained within four months of bankruptcy was a preference, the report of a special master to the bankruptcy court which stated that the bankrupt was insolvent when the garnishment was obtained, *held* not in itself evidence of the fact of insolvency.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman*, Judge; affirmed.

### STATEMENT OF FACTS.

As stated by counsel for appellant, this is a consolidated appeal of the cases of J. M. Lester *v.* W. E. Thomas, Trustee (No. 131), and W. E. Thomas, Trustee, *v.* J. M. Lester (No. 9955). The consolidation of these two appeals has been agreed upon, and the facts presented by the record may be briefly stated as follows:

On December 22, 1925, Plunkett-Jarrell Grocer Company, hereinafter called grocer company, sued Wilson Mercantile Company, hereinafter called mercantile company, in the Lawrence Circuit Court, to recover the sum of $4,073.32, alleged to be due upon a merchandise account, and J. M. Lester was joined as defendant upon a written guaranty of the account. Just prior to this date the mercantile company had a part of their stock of goods destroyed by fire and the balance of their stock more or less damaged by fire and water. The mercantile company had policies of insurance on its stock of goods in various insurance companies which amounted to something near $8,000. On December 23, 1925, writs of garnishment were sued out by the grocer company against these insurance companies and duly served upon them. The insurance companies paid into the registry of the court the amount due by them upon their insurance policies, to be paid out as directed by the court. On February 11, 1926, an involuntary petition in bankruptcy was filed against the mercantile company by its creditors, in the Federal court at Jonesboro, Arkansas, and W. E. Thomas was appointed by said court as receiver of said mercantile company. Whereupon W. E. Thomas, as such receiver, filed an intervention in the suit of said grocer

company against said mercantile company, claiming that the insurance money impounded by said garnishment should be paid over to him as receiver in bankruptcy.

On March 11, 1926, the circuit court rendered a judgment in favor of said grocer company against said mercantile company and J. M. Lester in the sum of $4,127.10 and the accrued costs, and judgments were also rendered in favor of said grocer company against said insurance companies as garnishees. J. M. Lester, for a valuable consideration, became the purchaser of said judgment of said grocer company.

On the 28th day of April, 1926, the said mercantile company was adjudged a bankrupt in said Federal court. W. E. Thomas, as trustee aforesaid, filed a reply to the intervention of J. M. Lester, asking that a sufficient amount of the proceeds of said insurance policies so paid into the registry of the court be applied to the satisfaction of the judgment of said grocer company assigned to him, in which he admitted the facts as above stated. His reply also contained a paragraph alleging, in substance, that said mercantile company, while insolvent, had made a transfer and conveyance to J. G. Richardson of a material portion of its property, with intent to prefer the lien of a bank of which Richardson was president, and had also made a general assignment of its property to said Richardson within four months of the filing of said bankruptcy petition, at a time when said mercantile corporation was insolvent. Their said pleading contains the following:

"That thereafter, on the 28th day of April, 1926, the said Wilson Mercantile Company was adjudged a bankrupt by the United States District Court of the Eastern District of Arkansas, Jonesboro Division, certified copy of said involuntary petition in bankruptcy, said report of said special master and said order of said adjudication being made a part hereof as fully as though incorporated herein.''

The special master certified to said Federal court as a finding of facts the following:

"3. That said Wilson Mercantile Company, within four. months prior to the filing of this petition, and while insolvent, has suffered or permitted certain creditors to obtain a preference by reason of garnishments on certain insurance funds due said. Wilson Mercantile Company, and had not, within five days before the final disposition of said property, vacated such preferences or discharged the same."

The special master's finding of facts, in part, is as follows:

"That the Wilson Mercantile Company is a corporation organized and existing under the laws of the State of Arkansas, and that said corporation had, for a greater portion of six months next preceding the time of the filing of this petition, its principal place of business and domicile at Walnut Ridge, Arkansas, in Lawrence County. That said corporation owes debts at the time of the filing of this petition in the sum of approximately $47,000.89. Prior to the filing of the petition in bankruptcy in December, 1925, a large portion of the property of Wilson Mercantile Company, which consisted of a stock of merchandise at Walnut Ridge, Arkansas, was destroyed by fire, and the principal assets of the company after that time consisted of all amounts due on these fire insurance policies, the remaining salvaged stock of merchandise, and some notes and accounts due said corporation. The insurance which has been adjusted amounted to approximately $12,000, but, under the undisputed value, did not have a market value of to exceed $3,000. The accounts due the company amounted to approximately $12,000, but, according to the undisputed evidence, did not have a value in excess of $2,500, making a total amount of assets of $13,500 on its fair market value and a total amount of liabilities of $47,000.89; this being the condition of the concern from the time that the fire occurred in December, 1925, up to the present time. From which the special master finds that the company, from the time of the fire, which occurred on December 17, 1925, has been insolvent at all times."

Neither the grocer company nor J. M. Lester appeared in any of the bankruptcy proceedings.

It was by the chancery court decreed that the intervention of J. M. Lester should be dismissed for want of equity. It was also decreed that the clerk should pay to W. E. Thomas, trustee in bankruptcy of Wilson Mercantile Company, the money paid into the registry of the court by the insurance companies. The consolidated case is here on appeal, and upon the correctness of the decision of the chancery court depends the issues raised by the appeal.

*George M. Gibson* and *Moore, Gray, Burrow & McDonnell,* for Lester.

*H. L. Ponder* and *Cooley, Adams & Fuhr,* for Thomas.

HART, C. J., (after stating the facts). Counsel for appellant rely for a reversal of the decree upon the decision of the United States Supreme Court in *Liberty Bank* v. *Bear,* 265 U. S. 365, 44 S. Ct. 499, 68 L. ed. 1057. In that case it was held:

"1. To invalidate the lien of a judgment under § 67f of the Bankruptcy Act, he who challenges it must show not only that the judgment was recovered within four months prior to the filing of the petition in bankruptcy, but also, by pleading and proof, that the judgment debtor was insolvent when the lien was obtained.

"2. Assuming (but not deciding) that the adjudication of the bankruptcy of a partnership necessarily adjudges the partners, as individuals, bankrupt, it raises no presumption that they were insolvent for any period before the petition in bankruptcy was filed.

"3. Nor does the fact that sales of the property of the partnership and partners, made some months later by the trustee in bankruptcy, did not realize enough to pay for the partnership or individual debts, establish that the partners were insolvent at a time anterior to the filing of the bankruptcy petition."

Under this decision, in order to set aside the garnishment lien obtained by the grocer company before

the petition in bankruptcy was filed, it was necessary for the trustee in bankruptcy, W. E. Thomas, to allege and prove that the mercantile company was insolvent at the time, the grocer company sued out its writs of garnishment and obtained a lien on the insurance funds of the mercantile company. It is our duty to follow the decisions of the Supreme Court of the United States in the construction of the bankruptcy statute; and in this connection, it may be stated that the decision in *Garrett* v. *Big Bend Plantation Co.*, 150 Ark. 180, 233 S. W. 1079, is modified and overruled in so far as it is in conflict with the decision of the United States Supreme Court above cited.

It follows that no presumption arises from the adjudication in bankruptcy that the bankrupt was insolvent for four months before the petition was filed. Under the decision above cited it was incumbent upon the trustee to allege and prove insolvency at the time the garnishment lien was obtained. While the complaint itself does not, in express terms, allege insolvency at the time the garnishments were sued out, it specifically makes the report of the special master a part of the complaint as if incorporated in it, and the report is exhibited with the complaint. Section 3 of that report contains a specific allegation that said mercantile company, within four months prior to the filing of the petition in bankruptcy, while insolvent, permitted certain creditors to obtain a preference by reason of garnishments on certain insurance funds. Under our system of pleading, an exhibit is not a part of the complaint at law and cannot be made so by reference, still the exhibit may be referred to as explanatory of the allegations of the complaint. *Abbott* v. *Rowan*, 33 Ark. 593, and *Louisiana Northwestern Rd. Co.* v. *McMorella*, 170 Ark. 921, 282 S. W. 6. When the whole complaint is considered with the exhibit just referred to, we are of the opinion that insolvency at the time the garnishments were obtained is inferentially alleged.

The trouble, however, is that there is no proof of insolvency. The question of insolvency is one of fact

and not of law. It cannot be established by mere belief without evidence. It is true that the report of the special master shows insolvency at the time the garnishments were obtained, but the report itself is not evidence of the fact of insolvency. The garnishments were sued out on the 23rd day of December, 1925, and the petition was not filed until the 11th day of February, 1926. There is nothing in the record whatever to establish the fact that the alleged bankrupt's debts were more than the value of his assets at the time the writs of garnishments were sued out. Of course, if the matters set forth in the report of the special master are true, the mercantile company was insolvent at the time the writs of garnishment were sued out and served on the insurance companies; but, as we have already seen, the recitation of purported facts in the report of the special master is not proof of these alleged facts. The facts themselves must be shown by direct or circumstantial evidence. There was no attempt whatever to show that the mercantile company was insolvent at the time the garnishments were obtained.

For this reason the judgment in the case number 9955 must be affirmed, and that in case No. 131 must be reversed, and the cause will be remanded for further proceedings not inconsistent with the opinion of this court.