AMERICAN INSURANCE COMPANY OF NEWARK, NEW JERSEY, *v.* DUTTON.

Opinion delivered March 30, 1931.

*Beloit Taylor*, for appellant.

*R. C. Waldron* and *Cole & Poindexter*, for appellee.

PER CURIAM. Counsel for appellee move to dismiss the appeal or to affirm the judgment of the circuit court because the court adjourned without passing on the motion for a new trial and there is no error apparent on the face of the record.

The record shows that the court adjourned for the term without acting on the motion for a new trial. When an appeal is taken from a judgment and the trial court adjourns without acting upon and overruling the motion for new trial, nothing is brought before the court for review except the pleadings, verdict and judgment; and if the pleadings and verdict authorized the judgment rendered, it will be affirmed without regard to the rulings of the court at the trial further than they appear in the judgment. *Young* v. *King*, 33 Ark. 745; *Kearney* v. *Moose*, 37 Ark. 37; and *Scroggins* v. *Hammett Grocer Co.*, 66 Ark. 183, 49 S. W. 820.

This was a suit on an insurance policy for $1,200, and there was a verdict and judgment against appellant for that amount. The court also allowed appellee an attorney's fee of $200, and there is nothing in the record to show that this amount was excessive. *Security Insurance Company of New Haven* v. *Smith*, ante p. 254; and *Union Central Life Ins. Co.* v. *Mendenhall*, ante p. 25.

It follows that the judgment must be affirmed.

---

### OPINION ON REHEARING.

PER CURIAM. Counsel for appellant in its motion for a rehearing claims that the court did not take into consideration a clause of the insurance policy which is set

out in the brief on the motion on rehearing. We do not deem it necessary to set out this provision of the policy, for, under our settled rules of practice, we cannot consider it. It is true that the policy was made an exhibit to the complaint, but this court has uniformly held that in actions at law exhibits to the complaint can only be used as explanatory of the allegations of the complaint and not for the purpose of contradicting them. *Abbott* v. *Rowan*, 33 Ark. 593; *Bouldin* v. *Jennings*, 92 Ark. 299, 122 S. W. 639; *Louisiana Northwest Rd. Co.* v. *McMorrella*, 170 Ark. 291, 282 S. W. 6; and *Lester* v. *Thomas*, 171 Ark. 351, 295 S. W. 717.

The complaint in the present case contains a specific allegation that the defendant delivered to plaintiff its insurance policy in the sum of $1,200, wherein said defendant agreed to indemnify plaintiff against loss by fire for a period of five years from the date of the policy on a dwelling house and household goods; that the dwelling house and household goods of the value of $1,200 were totally destroyed by fire. Judgment is asked by plaintiff against the defendant in the sum of $1,200, for the statutory penalty and for attorney's fee. The judgment rendered does not contain any recitation of the facts upon which it is based. There was a verdict in favor of the plaintiff against the defendant in the sum of $1,200. Judgment was rendered in favor of plaintiff against the defendant for the sum of $1,200 with costs. The judgment then contains the following recital: "and, it appearing that the failure and refusal of the defendant to pay the amount due on said policy was vexatious and inexcusable, it is further ordered that in addition to the above $1,200, defendant pay a penalty of 12 per cent. and an attorney fee to the plaintiff in the sum of $200, etc."

As pointed out in our original opinion, on account of the failure of the plaintiff to have the court rule on its motion for a new trial, we can only consider errors apparent from the face of the record and the judgment itself. We find no error on the face of the record in the applica-

tion of the settled rule of law governing cases of this kind, as pointed out in our original opinion and in this additional opinion. Therefore, the motion must be denied.