### AMERICAN BONDING CO. v. ALLISON.

(Circuit Court of Appeals, Fifth Circuit. November 3, 1910.)

No. 2,052.

BONDS (§ 124*)—ACTIONS—PLEADING—EFFECT OF DECLARATION OF USE.
  In an action by the clerk of the court, as payee, on a bond given for the benefit of an estate in bankruptcy, it is immaterial whether the recovery is for the benefit of a receiver, as alleged in the declaration, or some other person representing the estate.
  [Ed. Note.—For other cases, see Bonds, Dec. Dig. § 124.*]

In Error to the Circuit Court of the United States for the Northern District of Alabama.

Action by Charles J. Allison, for the use, etc., against the American Bonding Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Frank S. White and Frank S. White, Jr., for plaintiff in error.
John London and Henry Fitts, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

PER CURIAM. The bond sued on was given and taken for the benefit of the estate of C. M. Burkhalter & Co. in bankruptcy, and it is immaterial whether the use alleged in the declaration was for the benefit of Rogers, receiver, or some other person representing the estate. And see United States v. Abeel, 174 Fed. 12–19, 98 C. C. A. 50; Boston El. Ry. Co. v. Grace & Hyde Co., 112 Fed. 284, 50 C. C. A. 239. We find no reversible error in the rulings on the pleadings.

The evidence objected to on the trial was admissible, and tended to establish the plaintiff's demand. Under the evidence in the case, the court properly refused the instructions to the jury requested by the defendant below, and we find no reversible error in the peremptory instruction given in favor of the plaintiff below.

Judgment affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes