### LINDSEY *v.* BLOODWORTH

Opinion delivered February 13, 1911.

1. FORCIBLE ENTRY AND DETAINER—REFUSAL TO PAY RENT.—Refusal of a tenant to pay rent when due and to quit possession after three days' written notice and demand for possession has been made by the landlord is sufficient to sustain an action for unlawful detainer. (Page 545.)

2. SAME—SUFFICIENCY OF COMPLAINT.—A complaint in unlawful detainer which alleges that the plaintiff has been unlawfully deprived of his share of a crop, and that defendant has refused to pay rent to plaintiff, and has otherwise violated the obligation of his contract of lease in such manner as to evince an intention to abandon same, is sufficient. (Page 545.)

3. PLEADING—AIDER BY EXHIBITS.—An exhibit to a complaint at law may be referred to in order to complete and explain its allegations. (Page 546.)

Appeal from Clay Circuit Court, Western District; *Frank Smith,* Judge; affirmed.

#### STATEMENT BY THE COURT.

Omitting the caption, the complaint is as follows:

"Comes the plaintiff herein and for cause of action against said defendant states that on the 16th day of November, 1909, he rented to the defendant, J. C. Lindsey, for the crop season of

1910, certain parts of his farm in section 16, township 21 north, range 5 east, in Clay County, Arkansas, as evidenced by a written contract herewith attached marked 'Exhibit A' and made part of this complaint; that the said J. C. Lindsey agreed to sow a certain portion of said land in rye and timothy; that the said Bloodworth purchased timothy seed to sow said land according to said contract, but the defendant has failed, refused and neglected to sow said land in compliance with his contract as aforesaid; that under the terms of the said contract the said defendant herein agreed to ditch the field west of the house on said farm, and which he agreed to cultivate in corn, peas and oats, with a good scraper ditch leading into Cypress Creek; that he has failed, refused and neglected to ditch same before the crop season, as contracted; that the said J. C. Lindsey in said contract agreed to cultivate said land in corn, peas and oats; that, instead of cultivating the land as contracted, he has put in a small portion of same in sunflowers; that he has sowed about six acres of oats and has wrongfully, unlawfully, and without any right or authority whatever, pastured his stock on said oats until the same is eaten up and destroyed, thus depriving this plaintiff of his one-third share of said crop; that he has wrongfully, unlawfully and in wilful violation of his contract, failed, neglected and refused to plant any part of said land in corn; that, instead of cultivating said land as he contracted to with this plaintiff, he wrongfully and unlawfully pastured his horses, cows and goats on said fields, thus depriving this plaintiff of his one-third share of said crops as rent of said lands; and that said defendant is allowing a great portion of said lands to lie idle and uncultivated, and is using the same for pasture of his stock; and that the defendant, J. C. Lindsey, has failed, refused to pay rent to this plaintiff, but has appropriated the entire crop of oats to his own use. Plaintiff further states that the rental value of said land is $200.

"Plaintiff further states that, by reason of defendant neglecting, failing and refusing to comply with his contract and sow the five acres around the main dwelling house in timothy, he is damaged in the sum of fifty dollars; that, by reason of his failure to ditch land as aforesaid, he has suffered damages in the sum of fifty dollars. Plaintiff further states that he has caused a written notice to be served on said defendant, J. C. Lindsey, more

than three days before the commencement of this action, demanding possession of said premises, and said notice is hereto attached marked "Exhibit B," and made a part of this complaint. Plaintiff further states that he is lawfully entitled to the possession of said lands and tenements mentioned herein, and that said defendant unlawfully detains the same after he has made lawful demand therefor.

"Wherefore plaintiff prays that a writ of possession issue; that he have judgment against said defendant for the possession of said premises and for damages as aforesaid in the sum of $300, and for all proper relief.

"C. T. Bloodworth.

"Subscribed and sworn to before me this 3d day of June, 1910.
"W. O. Irby, Clerk.
"By J. M. Curtis, D. C."

The notice to quit, which is made exhibit "B" to complaint, is as follows:

"To J. C. Lindsey: You are hereby notified to quit the premises on which you are now living, towit: north half of the northwest quarter and southeast quarter of northwest quarter, section 16, township 21 north, range 5 east, and deliver possession thereof to C. T. Bloodworth within three days of the date of the service of this notice upon you, or steps will be taken to dispossess you.

"C. T. Bloodworth.

Indorsement.

"State of Arkansas,
"County of Clay.

"I have this 23d day of May, 1910, duly served the within notice by delivering a copy and stating the substance thereof to the within named J. D. Lindsey.

"Joe M. Copeland, Sheriff.
"By T. L. Fowler, D. S.

"Fees: Service, 50 cents; mileage, 10 cents.
"Filed this 4th day of June, 1910.

"W. O. Irby, Clerk.
"By J. M. Curtis, D. C."

The judgment is as follows:

"Now, on this the 11th day of the term of this court, comes the plaintiff, C. T. Bloodworth in person, and the defendant, though called, comes not but makes default, and, it appearing to the court from the complaint filed herein that this is a suit in unlawful detainer for the possession of the north half of the northwest quarter and the southeast quarter of the northwest quarter of section 16, township 21 north, range 5 east, and that the defendant, J. C. Lindsey, had been duly served with summons more than ten days prior to the first day of the present term of this court, and no answer having been filed or appearance entered by said defendant, and all claim for damages being waived by the plaintiff, the court finds for the plaintiff, C. T. Bloodworth. It is therefore considered by the court, ordered and adjudged that plaintiff, C. T. Bloodworth, have and recover of and from the defendant, J. C. Lindsey, the possession of the north half of the northwest quarter and the southeast quarter of the northwest quarter of section 16, township 21 north, range 5 east, for which writ of possession shall immediately issue, and that said C. T. Bloodworth have and recover of and from the defendant, J. C. Lindsey, all his proper costs in this suit expended, for which execution may issue."

*F. G. Taylor,* for appellant.

The complaint is not sufficient to sustain the judgment. There is no allegation that the rent contract contained any condition or provision for a forfeiture or right of re-entry upon a breach of the contract to pay the rent. 24 Cyc. 1349; 41 Ark. 532. There is no sufficient description of the land involved. 30 Ark. 657; 41 Ark. 495; 68 Ark. 150.

A complaint that does not state a cause of action will not sustain a judgment by default. 66 Ark. 113; 89 Ark. 117.

*J. N. Moore,* for appellee.

1. The complaint, taken in connection with "Exhibit B" thereto, sufficiently sets out the contract, agreement to pay rent, the nonpayment thereof, and the particular land rented. Appellee had the right, under the statute, therefore to disaffirm the contract and to sue for possession. 57 Ark. 303; 22 Ark. 258; 41 Ark. 534; *Id.* 535.

2. This court will take judicial notice that Clay County is divided into two judicial districts, and that the land described in the complaint is located in the Western District. 34 Ark. 224.

WOOD, J. (after stating the facts). Under the act of February 5, 1891, where the tenant refuses to pay rent when due the landlord may maintain an action of unlawful detainer against him, if he refuses to quit possession after the landlord has given him three days' notice to quit and made written demand upon him for the possession. Section 3630, Kirby's Digest; *Parker* v. *Geary,* 57 Ark. 303. The allegation in the complaint that the plaintiff was unlawfully deprived "of his one-third share of the crop of oats," and that "defendant has refused to pay rent to this plaintiff, and has appropriated the entire crop of oats to his own use," is sufficient to show that the appellant had raised an oat crop on a portion of the place, one-third of which was due appellee for the use of the land, and that appellant had not given to appellee this one-third, but had appropriated it to his (appellant's) own use. The necessary inference from this allegation is that the appellee's rent, represented by the portion of the crop he was to receive, was due, and that appellant had refused to pay or deliver it to appellee.

The other allegations of the complaint show that the appellant had violated the obligations of his contract with appellee in such manner as to evince an intention on his (appellant's) part not to pay the rents as stipulated for, and, in fact, to abandon the contract. The complaint is crude, but, taken as a whole, it certainly states facts to show that appellant had wholly abandoned the contract which created the tenancy, and that his holding thereafter was unlawful.

The cause of action was stated inartistically and defectively, but it was nevertheless stated, and called for some response from appellant, and he must suffer the consequences of his failure to answer. As was said in *Buckner* v. *Warren,* 41 Ark. 534: "If the facts as set out in the complaint are true, the defendant had himself abandoned the contract. This authorized the plaintiff to disaffirm it, and to regain possession of his land by this summary process." The allegation of the complaint that "plaintiff has caused a written notice to be served on the defendant more than three days before the commencement of the action demanding pos-

session of said premises, and said notice is hereto attached marked 'Exhibit B' and made part of this complaint," was sufficient to describe the lands, when taken in connection with the further allegation that plaintiff had "rented to the defendant certain parts of his farm in section 16, township 21 north, range 5 east, in Clay County, Arkansas." With the description of the land given in the complaint and the reference made to the "said premises," possession of which was demanded in the notice that was made an exhibit to the complaint, the court could readily identify the land. The notice could be referred to, not to contradict or control, but in explanation of, the allegation. This is not in conflict with *Euper* v. *State,* 85 Ark. 223, where we held that the exhibit could not be used to control the averments of the complaint. Here it is used, not to control, but to complete and explain the allegations of the complaint. *Bouldin* v. *Jennings,* 92 Ark. 299; *Abbott* v. *Rowan,* 33 Ark. 596.

The court will take cognizance that there are two judicial districts in Clay County, created by act of the Legislature, and will also take notice of sections, townships and ranges according to surveys of the United States Government, and of the particular judicial district in which these are located. *Bittle* v. *Stewart,* 34 Ark. 224. See also *Rachels* v. *Stecher Cooperage Works,* 95 Ark. 6.

There is no error, and the judgment is affirmed.

KIRBY, J., dissents.