COLUMBIAN REINFORCED CONCRETE CO. v. ROSE et al. †

(Circuit Court of Appeals, Third Circuit. May 25, 1911.)

No. 73.

ASSIGNMENTS (§ 120*)—ACTION TO USE OF ASSIGNEE OF PART OF CLAIM.

The fact that a plaintiff, who sues to the use of an assignee, assigned less than the full amount of the claim, as proved, to the use plaintiff, does not necessarily defeat the right to recover, not only part, but the full amount, of the claim, where the use plaintiff consents to such disposition of the recovery as will protect the right of the defendant to be exempt from a second suit; the plaintiff being the legal owner of the right of action on both the assigned and unassigned parts of the claim, so that the right and amount of recovery may be conclusively determined between the parties to such suit.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 206–209; Dec. Dig. § 120.*]

Lanning, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action at law by the Columbian Reinforced Concrete Company, for use of the Monongahela National Bank of Pittsburgh, against Harry A. Rose and Richard W. Fisher, doing business as Rose & Fisher. Judgment for defendants, and plaintiff brings error. Reversed.

R. A. & Jas. A. Balph, for plaintiff in error.

A. H. Mercer, M. H. Stevenson, and Wm. C. Boyd, for defendants in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the Columbian Reinforced Concrete Company, a corporation of the state of New Jersey, brought suit, for the use of the Monongahela National Bank of Pittsburgh, against Rose & Fisher, citizens of Pennsylvania, to recover $2,553.67, with interest from June 1, 1908. This sum was a balance alleged to be due on a written contract between the plaintiff company and Rose & Fisher, whereby the latter, who were contractors for the erection of a certain building, sublet the concrete reinforcing thereof to the Concrete Company. This balance, the statement alleged, had been assigned by the plaintiff to the use party, the Monongahela National Bank. To this statement Rose & Fisher filed an affidavit of defense, wherein they denied there was $2,553.67 due under the contract, but admitted there was due $733.58. Thereupon the plaintiff, in accordance with the Pennsylvania procedure act of April 26, 1893 (P. L. 26), had judgment entered for said admitted sum of $733.58, which sum was paid by defendants, and the cause proceeded to issue and trial for the balance. On the trial the jury rendered a verdict for $1,916.16, being the foregoing balance, with interest. Thereafter the defendant moved the court for, and was allowed, judgment in its favor non obstante veredicto. On entry thereof the plaintiff sued out this writ.

The ground on which such judgment was granted was that the evidence disclosed that the assignment to the use plaintiff was but a partial assignment, which was not acceded to by Rose & Fisher, of the balance due on the contract, to wit, $2,500, while the real amount due on the contract, as·appeared on the trial, was $2,553.67. In view of the fact that these parties have fought out the merits of the case and settled the amount due under the contract, that Rose & Fisher aver they are ready to pay the money if they can safely do so, and that the use plaintiff concedes the entire right of the court below to so control the payment of the money that Rose & Fisher shall be protected from risk of a subsequent suit by the receiver of the plaintiff, we are averse to let all these proceedings go for naught, which we would do by affirming this judgment; and after argument and due consideration we are satisfied that no such regrettable result is necessary. While the general principle is unquestioned that a claim which one person owes another cannot be divided by the latter into parts, and a part assigned to a third party, and such third party, without the consent of the debtor, maintain a suit thereon, the facts of the present case do not necessitate the .application of such principle. The plaintiff in this case is the Concrete Company, a corporation of New Jersey, and on its diverse citizenship the jurisdiction of this court depends. The naming of the bank as use plaintiff does not make it the plaintiff in the cause. In the late case of U. S. Fidelity & Guaranty Company v. Commonwealth, for Use, 186 Fed. 285, this court said:

"The statement of the use party to a bond is not part of the pleading and is often disregarded as mere surplusage. Thus in Boston, etc., Co. v. Grace, 112 Fed. 279 [50 C. C. A. 239] and to this we may add U. S. v. Abeel, 174 Fed. 18 [98 C. C. A. 50] and American Bonding Company v. Allison, 182 Fed. 810 [105 C. C. A. 242] it is said: 'According to· respectable authority, the expression. of a use party may be disregarded as surplusage. Its purpose is to guard the interest of the usee against the adverse action of a nominal plaintiff. It is held that such a phrase has no force to make an issue different from what it would have been if the phrase had been left out. It is held, also, that the declaration of use is not part of the pleading.' "

Indeed, the position taken by the defendants at the trial was that the Concrete Company was the plaintiff. To that end they offered to prove one Marshall—

"was appointed receiver for the Columbian Concrete Company, the legal plaintiff in this case;· this for the purpose of showing that there can be no recovery in this case, for the reason that the receiver is not made a party."

We are therefore of opinion that the legal plaintiff established a right to recover for the entire balance of the contract, and as between it and· Rose & Fisher the entire balance·due on this contract is res adjudicata by the verdict and a judgment thereon. Neither of said parties in any collateral proceeding can ever litigate that question again. Although the defendants had raised no question, or sought to abate the writ by reason of the fact that a receiver for the plaintiff had not brought the suit, and the court ruled out his offer to so'prove, they may be properly safeguarded from any apprehended danger in that respect. This verdict fixes the amount the defendants shall pay,

and their only concern is that they be discharged, on its payment, from further liability. In that respect there is no difficulty. The receivership of the Concrete Company is also in the court below, and the receiver is the officer of that court. If, on the remanding of the case, it appears such receiver makes claim to this judgment, the court is in a position to allow the fund to be paid into its registry and taken out by the use plaintiff only after notice to the receiver, or after the termination of an interpleader between them, if one has to be granted.

We accordingly reverse the judgment non obstante veredicto for defendants, and remand the case, with directions to enter judgment on the verdict in favor of the Columbian Reinforced Concrete Company and against the defendants, and for further action in accordance with this opinion.

LANNING, Circuit Judge, dissents.