ROSE et al. v. COLUMBIAN REINFORCED CONCRETE CO.

(Circuit Court of Appeals, Third Circuit.   February 3, 1912.)

No. 1,551.

1. PLEADING (§ 141*)—SET-OFF AND COUNTERCLAIM—NOTICE.
    Where, in an action on a building contract, plaintiff filed a supplemental affidavit of claim, alleging that the contract was completed, while defendants in reply filed a supplemental affidavit of defense, denying the completion, defendants could not at the trial prove noncompletion, and consequent damage, without complying with a rule of court requiring the giving of 15 days' notice that the matters pleaded in the counterclaim would be insisted on.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 289; Dec. Dig. § 141.*]

2. PLEADING (§ 430*)—OBJECTIONS—ISSUES, PROOF, AND VARIANCE—WAIVER.
    In an action on a building contract, there was no question raised by the pleadings as to the correctness of the copy filed by plaintiff with its statement of claim; but during the trial defendant, by a supplemental affidavit, denied that the copy was correct. On cross-examination of one of plaintiff's witnesses, defendant exhibited an alleged copy and proved its accuracy, whereupon plaintiff offered defendant's copy in evidence, without any objection on defendant's part. Held, that defendant thereby waived a variance between the copy alleged and the one proved, which was slight and did not affect the merits.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1438–1441; Dec. Dig. § 430.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Columbian Reinforced Concrete Company, for use of the Monongahela National Bank of Pittsburgh, Pa., against Harry R. Rose and another, doing business as Rose & Fisher. Judgment for plaintiff, and defendants bring error. Affirmed.

A. H. Mercer, W. C. Boyd, and M. H. Stevenson, for plaintiffs in error.

R. A. & James Balph, for defendant in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. This case was heretofore before this court. Making our opinion therein, reported in 187 Fed. 803, the basis of the present, we avoid repetition. Upon the entering of judgment for the plaintiff by the lower court in accordance with the mandate in that case, defendants sued out this writ of error.

[1] The questions now involved, as stated in defendants' brief, are: First:

"On the trial of an action of assumpsit on a building contract, the plaintiff is permitted to file a supplemental affidavit of claim, alleging that the contract was completed. In reply thereto the defendants are permitted to file a supplemental affidavit of defense, denying the completion. May defendants prove noncompletion, and the consequent damage, without giving 15 days' notice as required by rule of court?"

And second:

"Variance between contract sued on and contract proven."

In regard to the first question the lower court said:

"The court being of opinion that the rule requires notice to be given that matters of counterclaim set up in an affidavit of defense are intended to be insisted upon, and that such notice should appear of record in the cause, and no notice having been given within the time fixed by the rule of court that the counterclaim would be insisted upon at the trial, the plaintiff had a right to presume that the matters of counterclaim would not be insisted upon. And the objection is sustained and bill sealed."

It has always been held that a court is the best judge of its own rules, and an appellate court will not reverse such construction, except where manifestly erroneous (American Co. v. Annex Co., 226 Pa. 461, 75 Atl. 669); for, as said in Duncan v. United States, 32 U. S. 450, 8 L. Ed. 739:

"How can the practice of the court be better known or established than by its own solemn adjudication on the subject?"

Far from there being any gross error in the court's construction of the rule, we may say its construction commends itself to us.

[2] As to the second question, it seems that no question was raised by the pleadings as to the correctness of the copy filed by the plaintiff with its statement of the contract sued on. During the trial the defendants, in a supplemental affidavit then filed, denied such copy was correct. The alleged variation was slight, and did not affect the merits. Subsequently, on cross-examination of one of the plaintiff's witnesses, the defendants exhibited to him an alleged copy and proved its accuracy. Thereupon the plaintiff offered

the defendants' copy in evidence. This was not objected to, and the trial proceeded on defendants' copy. At the conclusion of the testimony, however, the defendants then sought to raise the question of variance by a point in which they asked for binding instructions in their favor on the ground of variance "between the contract sued on and the contract proven by the evidence." In view of the facts stated, the court was in no error in refusing the point, for the course of the trial had been such as to waive such objection.

The judgment below is affirmed.