CENTRAL KANSAS MILLING COMPANY v. PATTERSON.

Opinion delivered December 10, 1923.

1. SALES—BREACH OF CONTRACT—PLEADING.—Where a contract for the sale of flour stipulated that it should be delivered at a certain price f. o. b. at a town in Kansas, with the freight to its destination in this State to be deducted, a complaint which laid the damages in a lump sum and stated the market price at the Kansas town and the freight charges to the destination was not demurrable.

2. PLEADING—ITEMS OF DAMAGE.—In pleading a breach of a contract of sale it is unnecessary for the complaint to allege the items of damage, as the law fixes the elements and measure of damages.

3. PLEADING—PERFORMANCE OF CONTRACT.—In an action by the seller for breach of a contract of sale, an allegation in general terms that plaintiff performed all the conditions imposed on it by the terms of the contract, is sufficient, under Crawford & Moses' Dig., § 1227.

4. PLEADING—EXHIBITS.—In an action at law not founded on an instrument for the payment of money, exhibits to the complaint do not control the allegations of the complaint.

Appeal from Benton Circuit Court; *W. A. Dickson*, Judge; reversed.

Appellant *per se.*

Under the statute, C. & M. Digest, § 1227, it was sufficient to allege performance conditions of the contract in general terms. It was not necessary to state the facts showing the performance. 92 Ark. 111; 130 Ark. 496; Am. & Eng. Ann. Cases, 1913-E 75. It was not necessary to allege which option in the contract attached to the complaint the plaintiff elected to rely upon. The matters pertaining to the options are not grounds for demurrer, but should be pleaded by answer.

Am. & Eng. Ann. Cases, 607, note 611; 131 Ark. 525. For tests as to sufficiency of a pleading on demurrer, see 110 Ark. 130; 96 Ark. 163; 125 Ark. 464; 122 Ark. 141; 138 Ark. 38; 93 Ark. 371; 102 Ark. 287.

*Duty & Duty,* for appellees.

Having elected to sue for the difference between the contract price and the market value of the flour, the complaint was defective in failing to allege the market value at Rogers, Arkansas, the place of delivery. 55 Ark. 376; 56 Ark. 401; 70 Ark. 79; 92 Ark. 111; 79 Ark. 603; 131 Fed. 43.

McCULLOCH, C. J. Appellant instituted this action against appellees in the circuit court of Benton County to recover damages alleged to have been sustained by reason of the breach of two separate contracts for the sale of flour.

Appellant is a foreign corporation, engaged at Lyons, Kansas, in the business of manufacturing and selling flour, and appellees were copartners under the firm name of Rogers Milling Company, engaged in business at Rogers, Arkansas.

It is alleged in the complaint that the parties entered into two separate contracts for the sale by appellant to appellee of flour, the first contract being for 500 barrels, and the second for 1,000 barrels, to be delivered at a certain price f. o. b. Lyons, Kansas, with the freight to Rogers to be deducted.

It is further alleged in the complaint that, after certain quantities of the flour were delivered, appellees broke the contract by refusing to accept further deliveries. Damages are laid in the sum of $4,892, and the complaint also contains a statement of the market price of the flour at Lyons, Kansas, less freight charges to Rogers, on the respective dates of the alleged breaches of the contracts.

The court sustained a demurrer to the amended complaint, and appellant declined to plead further. Final judgment was rendered dismissing the complaint.

The first ground on which counsel for appellees defend the ruling of the court in sustaining the demurrer is that the complaint contains no statement as to the market value of the flour at Rogers on the respective dates of the alleged breaches of the contracts, so as to show the difference between the contract price and the market price at the place of delivery. The contracts provided that the prices were fixed upon delivery on board cars at Lyons, Kansas, with deduction for freight to Rogers, but the shipment was to be to the shipper's own order, with draft attached to the bill of lading, and it may be an issue of fact in the trial, according to the evidence adduced, whether a delivery was intended to be consummated at Lyons, Kansas, or at Rogers, Arkansas. *Richardson* v. *Fowler Commission Co.,* 154 Ark. 92. Therefore the difference between the contract price and the market price at Lyons, less freight to Rogers, on the day of the breach, is a sufficient allegation of damages. It is not essential that the different items of damages be set forth in the complaint with particularity. *Kirchman* v. *Tuffli Bros. P. I. & C. Co.,* 92 Ark. 111.

It is next contended that the contract exhibited with the complaint shows that, on the failure of appellees to accept the flour, there were different options open to the seller, and that the failure to allege in the complaint the exercise of one of those options is fatal to the statement of a complete cause of action. This contention is unsound, for the complaint does contain a statement, in general terms, that appellant performed all the conditions imposed on it by the terms of the contract. Our statute provides (Crawford & Moses' Digest, §.1227) that it shall not be necessary to state the facts concerning the performance of a condition, but that such performance may be stated in general terms to the effect that "the party duly performed all the conditions on his part." This is an action at law, and, not being founded on an instrument for the payment of money, the exhibit does not constitute the foundation of the action so as to

control the allegations of the complaint in an action at law. Crawford & Moses' Digest, § 1222; *Chamblee* v. *Stokes,* 33 Ark. 543; *Abbott* v. *Rowan,* 33 Ark. 593.

It is seen therefore, from the foregoing statement of the law, that the matters sought to be raised by demurrer should be presented as issues in the trial of the cause. The demurrer should not have been sustained on the ground mentioned.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.