## BOSLER et al. v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
April 9, 1928.

Rehearing Denied May 15, 1928.

No. 7806.

**1. Courts ⊙⟶374—Whether schedule, attached to complaint in action on bankruptcy depository's bond, may be resorted to for names of bankrupt estates, must be determined by state laws.**

Whether schedule, attached to complaint in action on bond of depository in bankruptcy, may be resorted to for names of bankrupt estates, where complaint gives no information as to identity of parties entitled to funds deposited, must be determined by laws of state.

**2. Pleading ⊙⟶310—Under Arkansas laws, instrument relied on in action not founded thereon may be attached to complaint and used to explain, but not to supply, deny, or control allegations thereof (Crawford & Moses' Dig. Ark. §§ 1222, 1223).**

Under Civ. Code Prac. Ark. §§ 138, 148 (Crawford & Moses' Dig. Ark. §§ 1222, 1223), instrument relied on in action not founded thereon may be attached to complaint or other pleading and used to explain allegations thereof, but not to supply allegations to render it good, nor to deny or control its allegations to render it bad.

**3. Bankruptcy ⊙⟶273—Attachment of schedule of bankrupt estates as exhibit to complaint in action on depository's bond held allowable to complete and explain allegations (Crawford & Moses' Dig. Ark. §§ 1222, 1223).**

In action on bond of depository in bankruptcy, attachment of schedule, containing names of bankrupt estates, as exhibit to complaint, alleging that bank, when declared insolvent, had on deposit certain amount, belonging to 32 such estates, and that such exhibit contained a list thereof and amounts due each, *held*, allowable under Civ. Code Prac. Ark. §§ 138, 148 (Crawford & Moses' Dig. Ark. §§ 1222, 1223), to complete and explain such allegations.

**4. Bankruptcy ⊙⟶273—United States may sue in its own name on bankruptcy depository's bond, without naming beneficiaries in complaint (Bankr. Act, §§ 50h, 61 [11 USCA §§ 78(h), 101]; Crawford & Moses' Dig. Ark. § 1092).**

Under bankruptcy Act, § 50h (11 USCA § 78[h]), and Crawford & Moses' Dig. Ark. § 1092, United States may sue in its own name on bond given by depository in bankruptcy under Bankruptcy Act, § 61 (11 USCA § 101), without naming in complaint all parties on whose behalf it sues.

**5. Bankruptcy ⊙⟶273—United States may sue at law on bankruptcy depository's bond, in absence of circumstances requiring equitable jurisdiction (Bankr. Act, §§ 50h, 61 [11 USCA §§ 78(h), 101]).**

Action by the United States, under Bankruptcy Act § 50h (11 USCA § 78[h]), on bond given by depository in bankruptcy under section 61 (11 USCA § 101), may be brought on the law side of the court, in absence of facts or circumstances requiring equitable jurisdiction.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action by the United States against H. J. Bosler and others. Judgment for plaintiff, and defendants bring error. Affirmed.

H. M. Cooley, Arthur L. Adams, and Robert E. Fuhr, all of Jonesboro, Ark., for plaintiffs in error.

Charles F. Cole, U. S. Atty., of Little Rock, Ark., and A. P. Patton and Charles D. Frierson, both of Jonesboro, Ark., for the United States.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and MUNGER, District Judge.

BOOTH, Circuit Judge. This is a writ of error to a judgment in an action by the United States on a joint and several bond executed by the First National Bank of Jonesboro, Ark., as principal, in connection with its designation as a depository in bankruptcy, and by the several defendants as sureties. The United States was the obligee in the bond. The bond was given pursuant to section 61 of the Bankruptcy Act (11 USCA § 101); and one of its conditions was that the bank should well and truly account for and pay over all moneys deposited with it as such depository.

The complaint alleged the making of the bond and its approval by the court, and that a copy of the bond was attached to the complaint and made a part thereof. The complaint further alleged as follows:

"That subsequent to the execution of said bond, and, while same was in full force and effect, moneys belonging to a large number of estates in bankruptcy were deposited in said bank, and withdrawn therefrom from time to time until on or about the 1st day of June, 1926, on which said date said bank was declared to be insolvent by the Comptroller of the Currency and a receiver appointed therefor by said Comptroller, which said receiver now has charge of the assets of said bank. That at the time of the appointment of said receiver, as aforesaid, there was on deposit in said bank the aggregate sum of $15,426.90 of bankruptcy funds, belonging to thirty-two separate estates in bankruptcy, a list of said estates, with name of the trustee thereof and the amount due each estate attached hereto as Exhibit B to the complaint, and made a part hereof, and reference is made thereto for full particulars.

That on the said 1st day of June, 1926, demand was made upon said bank and the receiver thereof for payment of the said several amounts, but same has been refused, and by reason thereof the bond so executed by the defendants has been breached.

"The premises seen, plaintiff prays judgment against the defendants and each of them for the full sum of $15,426.90 for the use and benefit of said several estates, together with interest thereon at 6 per cent. from June 1st, 1926, the date of said demand, for costs and all proper relief."

Exhibit B, attached to the complaint, was a schedule containing the names of the bankrupt estates, the name of the trustee in each estate, and the amount of money deposited belonging to each estate.

A demurrer was interposed to the complaint on four grounds: (1) That the complaint disclosed that the United States had no active interest in the subject-matter of the litigation, and therefore there was a defect of parties plaintiff. (2) That the complaint disclosed that the United States was not empowered to represent the various claimants alleged to have claims against the depository bond; said bond being executed under section 61 of the Bankruptcy Act. (3) That the action could not be brought by the United States, but only in the name of the United States as obligee and nominal plaintiff by one or more of the depositors in behalf and for use of all of them. (4) That a court of law was without jurisdiction to entertain the cause; the sole remedy being in equity.

The demurrer was overruled, and, the defendants declining to plead further, it was ordered that the cause be submitted upon the complaint and exhibits attached. Judgment was thereafter entered that plaintiff recover of defendants jointly and severally the sum of $15,426.90, with interest from the date of filing the complaint. The judgment then proceeds: "And it is further ordered that said sum be recovered for the use and benefit of the estates in bankruptcy named in said complaint, and herein specifically set out." Then followed the same list as contained in Exhibit B.

The assignments of error raise the following questions:

(1) Whether the complaint sufficiently disclosed the names of the various parties interested in the subject-matter.

(2) Whether the action could be maintained by the United States in its own name.

(3) Whether the action at law could be maintained as distinguished from a suit in equity.

[1, 2] As to the first question, the position of plaintiff in error is that the complaint itself gives no information as to the identity of the several parties who are said to be entitled in the aggregate to the $15,426.90; that it is only by way of the Exhibit B, attached to the complaint, that the identity of these parties and the several amounts due them respectively can be ascertained; that under the decisions of the Supreme Court of Arkansas such resort to Exhibit B is not allowable.

The question of pleading is to be determined by the laws of the state. Walker v. Traylor Co., 12 F.(2d) 382 (C. C. A. 8); Cold Blast Tr. Co. v. K. C. Bolt & Nut Co., 114 F. 77, 82, 57 L. R. A. 696 (C. C. A. 8); Rush v. Newman, 58 F. 158 (C. C. A. 8). See Coffey v. United States, 117 U. S. 233, 6 S. Ct. 717, 29 L. Ed. 890. We turn, therefore, to the statutes and the decisions of the Supreme Court of the state of Arkansas. Section 138 of the Arkansas Civil Code, found in Crawford & Moses' Digest of the Statutes of Arkansas, 1921 (section 1222), reads as follows:

"*Copy of Instrument for Payment of Money.*—In an action or defense founded upon an instrument for the payment of money only, it shall be sufficient for a party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party a specified sum which he claims."

Section 148 of the same Code, found in the same compilation (section 1223), reads as follows:

"*Copy of Deed or Other Writing.*—If either party shall rely upon any deed or other writing, he shall file with his pleading the original deed or writing, if in his power, or a copy thereof. If he cannot procure such deed or writing or a copy thereof, he shall so state in his pleading, together with the reasons therefor, and if such reasons are sufficient, he may file the best evidence of the contents of such deed or writing in his power. Original deeds and other writings, filed by either party, as above provided, shall remain on file for the inspection of the other party until allowed by the court to be withdrawn; and in such case copies, attested by the clerk, shall be substituted by the parties withdrawing the original. Provided, that in actions on contract for the recovery of money only it shall not be necessary to file with the complaint the original or a copy of the instrument sued upon, but in such case the substance thereof shall be stated in clear and concise language and without unnecessary repetition."

These sections of the Code have received construction by the Supreme Court of Ar-

kansas in a number of cases. In the early case of Abbott v. Rowan, 33 Ark. 593, the court in its opinion said (page 596):

"When the action is not *founded* upon the instrument, as evidence of indebtedness, but when the instrument is merely relied upon, it must still be filed; but the plaintiff has no right, by reference to make it a *part of the pleading,* and it cannot be noticed on demurrer any further than to explain allegations—not to supply them, nor should it be noticed, on demurrer, to contradict them even, since, in such cases, the instruments are essentially *evidence* and no part of the pleading."

From this statement it is seen that in actions not founded upon an instrument as evidence of indebtedness, but where an instrument or other writing is relied upon, such instrument or writing may nevertheless be attached to the complaint or other pleading filed. Its use may be expressed in the following rules: (1) It may not be used to supply allegations for the complaint or other pleading in order to render it good; (2) it may not be used to deny or control the allegations of the complaint or other pleading in order to render it bad; (3) it may be used to explain the allegations of the complaint or other pleading. Percifull v. Platt, 36 Ark. 456, and Sorrels v. McHenry, 38 Ark. 127, cited by plaintiff in error, are instances under rule 1. Euper v. State, 85 Ark. 223, 107 S. W. 179, and Central Kan. Mill. Co. v. Patterson, 161 Ark. 480, 256 S. W. 847, also cited by plaintiff in error, are instances under rule 2. Bouldin v. Jennings, 92 Ark. 299, 122 S. W. 639, Lindsey v. Bloodworth, 97 Ark. 541, 134 S. W. 959, and Louisiana N. W. R. Co. v. McMorella, 170 Ark. 921, 282 S. W. 6, cited by defendant in error, are instances under rule 3.

Bouldin v. Jennings, supra, was an action to recover possession of land. The complaint set up title in plaintiff's ancestor and the heirship of plaintiff. The complaint further alleged that a petition had been filed in the probate court by the administrator of the deceased to sell the land, but that said petition contained a wrong description of the land; that an order had been made by the probate court authorizing a sale, but that it also contained the wrong description of the land; that the report of the sale and the order confirming it also contained the wrong description of the land; that a petition had been filed by the purchaser (the defendant) asking for correction of the description; and that an order of the probate court had been filed correcting the description. Copies of

these various orders were attached to the complaint as exhibits. The answer admitted these allegations of the complaint, and alleged that plaintiff had sued the administrator for the purchase money and was thereby estopped. Plaintiff demurred to the answer. The demurrer was overruled, and, plaintiff standing on the demurrer, a verdict was directed for defendant. The judgment was reversed in the appellate court. It was held that, while the exhibits formed no part of the complaint, yet they could be used to explain its allegations. The court said (page 305 [122 S. W. 641]):

"While the exhibits in this case form no part of the complaint, they may be referred to for an explanation of its allegations. Abbott v. Rowan, 33 Ark. 596. Using them in this manner, we find it alleged, and not denied, that the Lawrence Probate Court ordered part of the northwest quarter of the northeast quarter of section 34, township 17 north, range 1 east, to be sold by the administrator of Tillman's estate; that the administrator sold the land as described, and reported the sale to the court as so made, and it was approved in the same manner; and that the probate court, at a term held subsequently to the time when the sale was made, undertook to correct the order approving the sale by the administrator by an order nunc pro tunc, by describing the land alleged to be sold by metes and bounds, without evidence showing that a sale of such land was ordered, made, reported or approved, virtually making a new order as a substitute for the order actually made. * * *

"The order directing the sale made described no land, the description in it not being sufficient to designate any. The order approving the report of the administrator was equally defective. The order amending the latter was a new order, and was of no effect.

"The court erred in directing the jury to return a verdict in favor of the defendant when the pleadings showed that he had no title to the land in controversy, but on the contrary it belonged to the plaintiff, and there was no evidence to the contrary."

Lindsey v. Bloodworth, supra, was an action for possession of real estate and damages for breach of the lease thereof. The complaint alleged the making of the lease and attached a copy of it to the complaint and made it a part thereof. The complaint further set forth various breaches of the lease; also that a notice to quit had been served on defendant, which notice was attached to the complaint as Exhibit B and

made a part thereof. The complaint, apart from the exhibits, did not give an exact description of the land. There was judgment for possession by default, and defendant appealed. It was held that the allegation that notice had been served "demanding possession of *said premises*," could be explained by reference to Exhibit B. The court said:

"This is not in conflict with Euper v. State, 85 Ark. 223 [107 S. W. 179] where we held that the exhibit could not be used to control the averments of the complaint. Here it is used, not to control, but to complete and explain the allegations of the complaint"—citing Abbott v. Rowan, 33 Ark. 596.

Louisiana N. W. R. Co. v. McMorella, supra, was an action on contract by appellee McMorella for services and disbursements. Attached to the complaint was an exhibit showing the itemized account. There was verdict and judgment for plaintiff. On appeal it was contended that certain items of the account did not fall within the allegations of the complaint. The court said:

"We cannot agree with counsel in this contention. We do not deem it necessary to set out the whole complaint. It is sufficient to say that the whole account copied in our statement of facts was made an exhibit to the complaint. While the action is not founded upon the account, and is founded upon the contract which the plaintiff made with the receiver, still it may be referred to as explanatory of the allegations of the complaint," citing Abbott v. Rowan, 33 Ark. 593.

[3] The complaint in the case at bar contained the allegation, heretofore quoted, to the effect that the bank had on deposit at the time it was declared to be insolvent, $15,426.90 of bankruptcy funds belonging to thirty-two separate estates in bankruptcy; and the further allegation that Exhibit B attached to the complaint contained a list of the estates and the amounts due to each. We think the case at bar falls under rule 3 above mentioned, and that it was clearly allowable under the Arkansas decisions above reviewed to make use of the exhibit to "complete and explain the allegations of the complaint." The complaint was therefore not demurrable on the first ground stated.

[4] Could the United States maintain the action in its own name? The bond was given in accordance with section 61 of the Bankruptcy Act (USCA tit. 11, § 101), which reads as follows:

"*Depositories for Money.*—Courts of bankruptcy shall designate, by order, banking institutions as depositories for the money of bankrupt estates, as convenient as may be to the residences of trustees, and shall require bonds to the United States, subject to their approval, to be given by such banking institutions, and may from time to time as occasion may require, by like order increase the number of depositories or the amount of any bond or change such depositories."

Provision for suits on such bonds is found in section 50 (h) of the Bankruptcy Act (USCA tit. 11, § 78 [h]), which reads as follows:

"Bonds of referees, trustees, and designated depositories shall be filed of record in the office of the clerk of the court and may be sued upon in the name of the United States for the use of any person injured by a breach of their conditions."

It is to be noted that this provision of the statute covers suits not only on bonds of depositories, but also of referees and trustees. No difference of procedural form is indicated. Decisions in cases involving bonds of trustees and referees are therefore of value.

That the present suit was brought in the name of the United States is not questioned; that it was brought for the use of the parties injured by the breach of the conditions of the bond appears (a) from the allegation of the complaint, that moneys on deposit in the bank aggregating $15,426.-90, being the amount sued for, belonged to thirty-two separate estates in bankruptcy, which allegation is completed and explained by Exhibit B, which gives in detail the names of the estates and the amounts due each, and (b) from the prayer of the complaint, which reads:

" * * * Plaintiff prays judgment against the defendants, and each of them, for the full sum of $15,426.90 for the use and benefit of said several estates."

Furthermore, it is not necessary, in a suit by the United States upon such a bond on behalf of numerous parties, that all such parties should be named in the complaint.

In United States v. Ward, 257 F. 372, which was a suit on the bond of a referee in bankruptcy, this court said:

"The names of the individuals for whom the United States sues are not given in the complaint, but this is not always necessary. It is a matter upon which no issue can be made."

See American Bonding Co. v. Allison (C. C. A.) 182 F. 810; Boston El. Ry. Co. v.

Grace & Hyde Co. (C. C. A.) 112 F. 279; United States v. Abeel (C. C. A.) 174 F. 12. In the case last cited, the court said (page 19):

"Unquestionably one entitled to a part of the fund in the hands of the clerk could sustain a suit on the clerk's bond in the name of the United States. Howard v. United States [184 U. S. 676, 22 S. Ct. 543, 46 L. Ed. 754] supra. But it by no means follows that on the facts stated in the petition a suit for the breach cannot be maintained by the United States without a statement that the suit is for the use of some one named in the petition. * * *

"We are of opinion that the facts stated in the petition show a cause of action in the plaintiff."

See, also, Tyler v. Hand, 7 How. 573, 12 L. Ed. 824; Nat. Surety Co. v. United States, 129 F. 70 (C. C. A. 8); Gibson v. United States (C. C. A.) 208 F. 534; Equitable Surety Co. v. Board of Commissioners (C. C. A.) 256 F. 773.

Furthermore the Arkansas statute, Crawford & Moses' Digest, 1921, § 1092, provides:

"*Executors, Trustees, etc.*—An executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or the State, or any officer thereof, or any person expressly authorized by the statute to do so, may bring an action without joining with him the person for whose benefit it is prosecuted."

The Supreme Court of Arkansas has held that under this statute a party in whose name a contract is made, but for the benefit of a third party, may sue upon it without joining the third party. Collier Com. Co. v. Wright, 165 Ark. 338, 264 S. W. 942. See Albany, etc., Iron & Steel Co. v. Lundberg, 121 U. S. 451, 7 S. Ct. 958, 30 L. Ed. 982, a case arising under a similar statute of New York.

Finally, it may be open to question whether the United States has not itself an interest in the bond. See U. S. F. & G. Co. v. U. S., 204 U. S. 349, 357, 27 S. Ct. 381, 51 L. Ed. 516; Chicago, etc., Co. v. United States (C. C. A.) 261 F. 266.

In view of the foregoing considerations, our conclusion is that the suit was properly maintainable as brought in the name of the United States. In this holding, however, we do not mean to be understood as deciding that suit might not be brought by one or more of the creditors in the name of the United States. See Howard v. United States, 184 U. S. 676, 22 S. Ct. 543, 46 L. Ed. 754; United States v. Abeel, supra, page 19.

[5] There remains the question whether the suit was properly brought on the law side of the court instead of on the equity side. There have been divergent views in the courts on the question whether suits on similar bonds should be by action at law or suit in equity. It is now settled, however, by the decision of the Supreme Court in Illinois Surety Co. v. United States, 240 U. S. 214, 36 S. Ct. 321, 60 L. Ed. 609, that the proper procedure upon a contractor's bond under the Act of August 13, 1894 (chapter 280, 28 St. 278), as amended by the Act of February 24, 1905 (chapter 778, 33 St. 811; 40 USCA § 270), is by an action at law. See, also, Miller v. American Bonding Co., 257 U. S. 304, 307, 42 S. Ct. 98, 66 L. Ed. 250; Arnold v. United States (C. C. A.) 280 F. 338, 343; Belknap Hdw. & Mfg. Co. v. Ohio River C. Co. (C. C. A.) 271 F. 144, 146. In the Illinois Surety Co. Case the court said, referring to the contractor's bond (pages 223, 224, 225 [36 S. Ct. 324]):

"It is contended that the right given by the statute to the described creditors is of an equitable nature, and that the court erred in permitting recovery at law. * * * In the circuit and district courts and in the circuit courts of appeals, while it seems that objection has rarely been made, there has been almost complete uniformity in treating the creditors' action under the Act of 1905 as one at law. * * *

"The statute provides that the bond shall have 'the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract.' * * * It is an obligation for the payment of money to the persons described, which they are entitled to enforce. The nature of the obligation is not changed by the fact that there is to be but one action. * * * The obligation of the surety thus enforced in a single action is a legal obligation to the United States for the use and benefit of the several claimants. We do not regard the requirements that 'the claim and judgment of the United States' shall have priority, and that the aggregate recovery shall not exceed the penalty of the bond, as insuperable obstacles to proceeding at law. It is the case of an undertaking for the payment of many claims, not to exceed the specified penalty. If the total amount due exceeds the penalty of the bond,

it is provided that 'judgment shall be given to each creditor pro rata of the amount of the recovery.' This, however, merely requires an arithmetical calculation after the different causes of action have been passed upon and the amount due upon each determined. We see no ground upon which the conclusion can be justified that the liability of the surety on its bond is to be determined in equity. The contrary has been the generally accepted and, we think, the correct practice."

On the other hand, in Illinois Surety Co. v. United States, 226 F. 665, the Circuit Court of Appeals for the Seventh Circuit held that an action at law could not be maintained on a bond given by a depository in bankruptcy under sections 50 (h) and 61 of the Bankruptcy Act. It said:

"The object of the bond is to afford protection to all beneficiaries alike. The spirit of the whole Bankruptcy Act would be violated, if the vigilant depositor could, by suit in his own interest, exhaust the obligation. Each depositor is entitled only to his proportionate share. If, however, each depositor could bring an action at law for his own use to obtain his proportionate share, the possible diversity of opinion as to what that share is might result either in subjecting the defendant to judgments in excess of the penalty or in defeating the just claims of the later litigants. Only in a proceeding in which all interested parties will have an opportunity to be heard, and resulting in a judgment or decree that will be res adjudicata as to the surety as well as to all depositors, can justice be done.

"Inasmuch as the claims, though based on a single obligation, are several, not joint, and the United States is not a trustee, empowered as such to represent the claimants as equitable beneficiaries, the common law furnishes no remedy. It has no method of compelling all interested parties to join or intervene in a single suit at the peril of being bound by the judgment that might be rendered therein."

It is to be noted that this case in the Seventh Circuit was decided before the opinion in the Illinois Surety Co. Case in 240 U. S. 214, 36 S. Ct. 321, 60 L. Ed. 609, was handed down.

With these decisions before us, let us examine the facts in the case at bar: The obligation of the bond is as follows:

"Now, therefore, the condition of this obligation is such that if the First National Bank of Jonesboro shall well and truly account for and pay over all moneys deposited with it as such depository, and shall pay out the same only as provided by the act of Congress in such case made and provided and the rules of court applicable thereto, and shall abide by all lawful orders and decrees of the court in and by the premises, then this obligation to be void; otherwise to remain in full force and virtue."

The beneficiaries are the trustees and receivers who have deposited in the bank moneys belonging to estates in bankruptcy. These beneficiaries are all known and set out in an exhibit attached to the complaint. The amount of the bond is $50,000. The amount owing beneficiaries is $15,426.90, with interest. Each beneficiary is entitled to the full amount of his deposit with interest. With these facts before it, the court found no difficulty in entering the proper judgment, to wit, for the plaintiff for the full amount for the benefit of the several estates in bankruptcy set out in detail. The obligors were jointly and severally liable. No question of the insolvency of any of the obligors was in the case. No question of contribution.

It is to be noted that in the Illinois Surety Co. Case in the Seventh Circuit (226 F. 665), the action was brought for the use of certain trustees and receivers in several bankruptcy proceedings, and "any and all other receivers or trustees of estates in bankruptcy pending in the District Court of the United States for the Northern District of Illinois, Eastern Division, similarly situated in the premises." The beneficiaries were therefore not all disclosed. It is to be further noted that the amount of the bond was $50,000, and that the complaint alleged that the aggregate of the amounts on deposit in the bank by the receivers and trustees in bankruptcy named, and by others not named, exceeded $165,000. These facts and circumstances, none of which exist in the case at bar, were apparently of decisive importance in the mind of the court in reaching the conclusion that a suit in equity was necessary. The case at bar may thus, perhaps, be distinguished.

Furthermore, a pretty uniform practice in similar cases would seem to indicate that an action at law is proper. The following cases under the same statute were all actions at law: United States v. Ward, 257 F. 372 (C. C. A. 8), on referee's bond; United States v. Ruggles (C. C. A.) 221 F. 256, on trustee's bond; Scofield v. United States (C. C. A.) 174 F. 1, on trustee's bond; Alexander v. Union Surety & Guar. Co., 89 App. Div. 3; 85 N. Y. S. 282. Analogous cases

are Gibson v. United States (C. C. A.) 208 F. 534, on bond of postmaster; United States v. Abeel (C. C. A.) 174 F. 12, on clerk's bond; National Surety Co. v. United States, 129 F. 70 (C. C. A. 8), on bond of letter carrier.

While we entertain the very highest regard for the Circuit Court of Appeals of the Seventh Circuit, and accord to its decisions the utmost deference; yet, in view of the ruling of the Supreme Court in the case above cited (Illinois Surety Co. v. United States, 240 U. S. 214, 36 S. Ct. 321, 60 L. Ed. 609) relative to suits on bonds of contractors; in view of the almost uniform practice in cases under the act here in question (section 50 [h] of the Bankruptcy Act); and in view of the absence of any facts or circumstances requiring equitable jurisdiction in the instant case, we are constrained to hold that the trial court had jurisdiction to entertain the action at law on the bond.

Finding no error in any of the matters which have been called to our attention, we think the judgment below should be affirmed. It is so ordered.