## FIDELITY & DEPOSIT CO. OF MARYLAND v. UNITED STATES, for Use of TALBERT.*

Circuit Court of Appeals, Fifth Circuit.
November 26, 1929.

No. 5688.

Scott Russell, of Macon, Ga. (Jones, Jones, Johnston & Russell, of Macon, Ga., on the brief), for appellant.

C. C. Crockett, of Dublin, Ga., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

*Rehearing denied December 20, 1929.

FOSTER, Circuit Judge. In this case there is no dispute as to the facts, which are these:

The First National Bank of Dublin was designated as depository of the moneys of bankrupt estates for the Southern District of Georgia, and executed a bond to the United States in the sum of $10,000, with appellant, the Fidelity & Deposit Company of Maryland, as surety. The condition of the bond was as follows:

"The condition of this obligation is such, that, whereas, the District Court of the United States for the Southern District of Georgia, did by order of said court, dated on the 16th day of February 1925, designate said the First National Bank of Dublin, Georgia, as a depository for the money of bankrupt estates in and for the Southern District of Georgia, said designation to take effect upon the execution of a bond by the said the First National Bank of Dublin, conformably to law, in the sum of ten thousand & no/100 ($10,000.00) dollars, with good surety to be approved by the court:

"Now, therefore, should the said the First National Bank of Dublin, Georgia, well and truly perform as such depository the duties imposed upon it by law, and the rules and orders of said court, and account faithfully for all moneys deposited with it under and by virtue of said designation as such depository, then this obligation shall be void; otherwise of full force and virtue."

On August 10, 1928, Hiram Dunn, who had previously been adjudicated bankrupt, made a deposit in said bank of $4,519.20 to comply with the terms of a composition he had offered. The composition was accepted and J. W. Talbert was designated by an order of the court to distribute the funds. The bank became insolvent, was closed, and went into liquidation September 24, 1928. At that time there was a balance of $2,566.04 of the Dunn fund remaining on deposit.

Bankruptcy rule No. 25C of the Southern District of Georgia is as follows:

"The consideration necessary to effect the composition as estimated by the referee shall in advance of the filing of the petition for confirmation be deposited in one of the designated depositories in bankruptcy to the credit of the case and subject to the order of the United States Judge."

This suit was brought in equity in the name of the United States for the use of Talbert against appellant to recover the balance as above described. While the bill purported to be on behalf of all other persons similarly situated, no other person was named and no

one intervened. Appellant moved to dismiss the bill on the grounds that it disclosed no cause of action and the suit was not cognizable in equity, which motion was overruled. Appellant then answered, admitted that there was in the bank a deposit of $1.97 standing in the name of W. B. Smith, trustee for A. J. Born, admitted that there was also a deposit of $1.90 to the credit of Dunn in the composition proceedings, as to which it denied liability, alleged that there were no other funds in the said bank payable to receivers and trustees in bankruptcy, and denied liability on the demand in suit on the ground that the bond was intended to cover only deposits of the funds of bankrupt estates and that money deposited in a composition proceedings was not funds of the bankrupt estate.

The case was tried on bill and answer, and judgment was entered against appellant in the sum of $2,566.04, with interest. Error is assigned to the overruling of the motion to dismiss on both grounds urged, and to the rendition of judgment for appellee.

■ We entertain no doubt that the bond covered any money deposited as the result of an offer of composition. Section 12b of the Bankruptcy Act, 11 USCA § 30(b), provides that in matters of composition the money necessary to pay the creditors shall be deposited in such place as shall be designated by and subject to the order of the judge. The order designating such depository could as well be by standing rule as by special order in each case. The authority of the District Court to adopt rule 25C in bankruptcy could not be disputed. The condition of the bond was that the bank should well and truly perform the duties imposed upon it by law and the rules and orders of the court, and account faithfully for all moneys deposited with it under and by virtue of its designation as depository. Pretermitting any question as to whether the money deposited in this case in furtherance of the composition agreement should be technically considered funds of a bankruptcy estate, it was clearly such deposit as was guaranteed by the bond.

■ The objection to the jurisdiction in equity is more serious. Appellee relies upon the case of Illinois Surety Co. v. U. S. (C. C. A.) 226 F. 665, in which it was held that the jurisdiction of a similar suit was solely in equity. However, in that case it appeared that the suit was brought by the United States for the use of a number of trustees and receivers in several bankruptcy proceedings. The bond was in the penal sum of $50,000, and the deposits exceeded $165,000. The court reached the conclusion that the case was cognizable in equity, because each depositor was entitled to his proportionate share; that an action could not be brought by an individual beneficiary, when it might exhaust the fund; that there was no method of compelling all interested parties to join in a single suit, and therefore equity had jurisdiction of a suit by the United States for the benefit of all. We express no opinion as to the correctness of the above-cited decision, considering the facts peculiar to that case, but the suit at bar is easily distinguishable. Here there is but a single claim for less than the penal amount of the bond, and no occasion for an accounting.

■ It is elementary that, unless there be some peculiar condition vesting jurisdiction in equity, suits on indemnity bonds, even when brought in the name of another, for the use of the real obligee, must be at law. We see nothing in this case to take it out of the rule announced in Illinois Surety Co. v. U. S. to Use of Peeler, 240 U. S. 214, 36 S. Ct. 321, 60 L. Ed. 609. See, also, Bosler v. U. S. (C. C. A.) 26 F.(2d) 4.

It follows that the judgment appealed from must be reversed, and the case remanded, for further proceedings not inconsistent with this opinion.

Reversed and remanded.